IN THE MATTER OF THE ESTATE OF ISAAC H. WATSON, DECEASED.

64h    369
68 AD⁴159

JOHN DE WITT PELTZ AND ANOTHER, AS ADMINISTRATORS, ETC., OF ISAAC H. WATSON, DECEASED, RESPONDENTS, *v.* JOHN A. SCHULTES AND ANOTHER, AS EXECUTORS, ETC., OF MARY WATSON, DECEASED, LATE SURVIVING EXECUTRIX OF ISAAC H. WATSON, DECEASED, APPELLANTS.

*Executors and administrators — accounting by the executor of an executor — statute of limitations — when the right to enforce such an accounting accrues.*

In 1871 the will of Isaac H. Watson was admitted to probate, and letters testamentary were issued to Mary Watson, the widow, and to John J. Canaday who died in 1875.. The testator gave the property to the widow for life, and the remainder, except some trifling legacies, to the General Synod of the Reformed Dutch Church, and directed that his property should be distributed one year after the death of his wife. The widow died in 1889, and left a will disposing of some furniture and a small sum of money, which was admitted to probate in 1890.

In 1891 certain persons were appointed administrators *de bonis non* of the estate of Isaac H. Watson, and thereafter took proceedings, under section 2606 of the Code of Civil Procedure, to compel the executors of Mary Watson to account for the property of Isaac Watson.

No judicial settlement or accounting of the estate of Isaac H. Watson had ever been made by his executors or at the instance of any beneficiary under his will. It was claimed by the executors of Mary A. Watson that, as by section 2724 of the Code of Civil Procedure a judicial settlement might have been required of the executor of Isaac H. Watson after one year after the issuing of letters, and as the six years' limitation of subdivision 1 of section 382 of the Code of Civil Procedure applied to this proceeding, the time within which the executors of the executor of Isaac H. Watson might be compelled to account had expired.

*Held*, that the proceeding was proper, the right of the successor of an original executor to compel the executor of an executor to account. being expressly provided for in section 2606 of the Code.

That the right to demand an accounting of the executors of Mary Watson did not accrue until their appointment in 1890.

That as, by the terms of the will, the property of Isaac Watson was not to be distributed until after Mary Watson's death, the legatees, before that event, could not demand or sue for their legacies or have an accounting.

That the executors of Mary A. Watson had no right to the estate in remainder after the termination of her life estate, and should account for it.

Appeal by the defendants, John A. Schultes and John Schultes, as executors of Mary Watson, deceased, from a decree of the Surrogate's Court of Albany county, entered on the 4th day of March, 1892, ordering them to render an account of all moneys and property received by said Mary Watson, deceased, and pay and deliver to the administrators, with the will annexed of Isaac H. Watson, any property in the hands of Mary Watson, at the time of her death, which belonged to the estate of Isaac H. Watson.

The proceeding was instituted to compel the executors of Mary Watson, deceased, to account for the estate of Isaac H. Watson, of which the said Mary Watson was an executrix and a life beneficiary. It was claimed by the executors of Mary A. Watson that, as by section 2724 of the Code of Civil Procedure a judicial settlement might have been required of the executor of Isaac H. Watson after one year after the issuing of letters, and as the six years' limitation of subdivision 1 of section 382 of the Code of Civil Procedure applied to this proceeding, the time within which the executors of the executor of Isaac H. Watson might be compelled to account had expired.

*John D. White* and *Eugene Burlingame*, for the appellants.

*William McElroy* and *William L. Learned*, for the respondents.

HERRICK, J. :

This is an appeal by the defendants from an order of the surrogate of Albany county requiring them, as executors of Mary Watson, deceased, to account for the property that came into her hands as executrix of Isaac H. Watson, deceased. Sometime in the year 1871 Isaac H. Watson, then a resident of Albany county, died, leaving a last will and testament, which was admitted to probate by the surrogate of Albany county on the 6th day of June, 1871; on the same day letters testamentary were issued to John J. Canaday, as executor, and Mary Watson, as executrix, they being so designated in the will; both duly qualified and thereafter filed an inventory of the estate.

On or about October 26, 1875, the said John J. Canaday died intestate.

On or about September 25, 1889, Mary Watson died, leaving a last will and testament, wherein the defendants were named as executors, and which will was admitted to probate by the surrogate of Albany county January 9, 1890; and on the same day the defendants duly qualified as executors, and thereafter, and on March 10, 1890, duly filed their inventory of the personal effects of the estate of Mary Watson.

No judicial settlement of the estate of Isaac H. Watson has ever been had by the executors thereof or either of them.

With the exception of some specific legacies to other parties, Isaac H. Watson bequeathed all his property, both real and personal, to his wife, Mary Watson, during her life; he further provided for the distribution of his property among various legatees one year after the death of his wife.

On the 24th day of November, 1891, letters of administration, with the will annexed of the estate of said Isaac H. Watson, were issued by the surrogate of Albany county to the respondents, who duly qualified as such administrators.

None of the beneficiaries under the will of Isaac H. Watson ever attempted to bring the executors of his will, or either of them, to an account.

The respondents, as such administrators of the will of Isaac H.

Watson, applied to the surrogate of Albany county to have the defendants, as executors of the will of Mary Watson, render an account of any property that had come into their hands, as such executors, that belonged to the estate of Isaac H. Watson.

The defendants resisted such application, alleging that more than seven years had elapsed prior to the death of Mary Watson and after the issuing to her of letters testamentary; also, that none of the beneficiaries under the will, although not incapacitated so to do, had taken any steps to compel an accounting within six years from the time such right accrued.

I think the decree of the surrogate should be affirmed. The right to compel the executor of an executor to account upon the application of the successor of the original executor is provided for by section 2606 of the Code of Civil Procedure.

The right to demand an accounting of the defendants did not accrue until their appointment. The property that is being sought, and for which they are asked to account, was not to be distributed until the death of their testatrix, Mary Watson; until that time the legatees had no right to demand the same, and the statute would not run against them.

They could not sue for their legacies, and could not have an accounting. (*Matter of Hodgman*, 31 N. Y. St. Rep., 479.) The right to a distribution and to a final accounting of the estate of Isaac H. Watson could not arise until the death of Mary Watson; the defendants have no right to the remainder of that estate in the possession of their testatrix at the time of her death. If, instead of dying September 15, 1889, Mary Watson had so conducted herself that the letters granted to her had been revoked on that day, she could have been made to account for the property in her hands as executrix and turn the same over to her successor. The defendants occupy her position and must account in the same manner. (*Matter of Clark*, 119 N. Y., 427; *Matter of Wiley*, Id., 642.)

The decree of the surrogate should be affirmed, with costs and printing disbursements, to be paid by the defendants personally.

MAYHAM, P. J., and PUTNAM, J., concurred.

Decree of surrogate affirmed, with costs against defendants personally.