## In re HANEY'S ESTATE.

### In re RYALLS.

(Supreme Court, General Term, Third Department.  December 6, 1893.)

1. EXECUTORS AND ADMINISTRATORS—ACCOUNTING—BURDEN OF PROOF.
   Where an estate is given to an executor for life with absolute power of disposal, in a proceeding against the personal representative of such executor for an accounting, the burden of showing the amount of property which came into the hands of the executor, and the amount remaining in his hands at his death undisposed of, is on the persons seeking to surcharge the account.

2. SAME—RECEIPT OF ASSETS.
   Evidence that a testator, a year before his death, received money, is not sufficient to charge his executor with such money on his final accounting.

Appeal from surrogate's court, Saratoga county.
Final judicial settlement of the accounts of Sarah M. Ryalls, as administratrix of the estate of William H. Ryalls, as executor of the will of Elizabeth Haney, deceased.  From the decree of the surrogate, Sarah M. Ryalls appeals.  Reversed.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

Grenville M. Ingalsbe, for appellant.
C. H. Sturges, for respondent Elizabeth R. Cowen.
J. W. Houghton, for respondent C. A. Patterson.
Henning & McCall, for respondent H. P. Ryalls.

MAYHAM, P. J.    Sarah M. Ryalls, having been cited before the surrogate to show cause why she, as administratrix of the estate of

William H. Ryalls, deceased, did not settle his accounts as executor of the will of Elizabeth Haney, deceased, appeared before the surrogate, and filed her petition for such accounting; whereupon the surrogate issued citations to the persons entitled to notice, and, on the return of such citations, she filed her account, duly verified, in and by which she charges herself, as such administratrix, with the sum of $935.58, and alleges want of knowledge of any other liability of the amount that the estate of William H. Ryalls should be credited on account of disbursements made by him in his lifetime.    Each of the children of William H. Ryalls, who are the residuary legatees in the will of Elizabeth Haney, filed objections to such account, in and by which they surcharged the same, alleging, in substance, that the said William H. Ryalls held about $10,000 of the property of the said Elizabeth Haney, in which he had a life interest only, by her will, and that the remainder was bequeathed to his children after his death, in equal proportions.    In support of this contention, the contestants proved, by evidence quite satisfactory, that a mortgage of $2,000 was given to Mrs. Haney, on which there appeared to be due, at the time of the death of William H. Ryalls, the sum of $500, on which sum the interest was paid to the petitioner for three years. There is also some evidence of the confessions or statements of William H. Ryalls, made at about the time of marshaling the assets of his testatrix, Elizabeth Haney, that her estate would amount to about $20,000.    It does not appear that this statement was an assertion of a fact, but rather a loose estimate or opinion of the probable amount, and, standing alone, does not seem to me, under the circumstances in which it was made, to be such an admission of a fact as would bind him to account for that amount.    But the contestants seek to charge the estate of the deceased executor by proving the amount of property and money received by, and known to be in the possession of, his testatrix, during the four or five years in which she lived with him immediately before her death; and upon this proof the surrogate seems mainly to have relied in making his decree, without any direct proof that this property ever passed into the hands of her executor.    Was this proof, alone, sufficient to charge his estate with the amount of the testatrix's property in the hands of his administratrix?    The rule is well settled that the burden of proof in affirmatively establishing a liability is upon the contestants seeking to surcharge the accounts of the administrator.    Forbes v. Halsey, 26 N. Y. 60–61; Marre v. Ginochio, 2 Bradf. Sur. 165; Bainbridge v. McCullough, 1 Hun, 488.    The will of Elizabeth Haney, by its terms, placed the residuum of her estate so completely at the disposal of her executor, as devisee and legatee for life, that so much of the estate as may have been, under the terms of the will, consumed by him in his lifetime, would not be properly chargeable against his administratrix, as the personal representative of his estate.    It was therefore incumbent on the contestants, before they can surcharge the accounts of the petitioner, to show the amount of the estate of Elizabeth Haney which came to the hands of the executor of her will, and also the amount remaining in his hands undisposed of at the time of his death.    While the testimony of Light-

hall, as to the payment made to the testatrix of money during the time she resided with William H. Ryalls, was competent as a circumstance tending to prove the amount of the estate of testatrix, it does not seem sufficient, standing alone, to charge the estate of her executor with a liability for that amount. Assuming that the statement of Mrs. Haney, dated October 6, 1875, that she at that time left with Lighthall $7,971.85, was competent evidence, and was, at the time, true, and that $7,545.82 of that amount was from time to time, from that date to August, 1878, forwarded by him to her, does it raise such a legal presumption that she had it at the time of her death, March, 1879, as to create a valid charge against the estate of her executor? For answer to that question, we are referred by the learned counsel for one of the contestants to In re Clark, 119 N. Y. 427-433, 23 N. E. 1052. In that case the court held that section 2606 of the Code of Civil Procedure, which authorized a surrogate, upon the death of an executor, to require his executor or administrator to account for and deliver over the trust estate, such representative stands in the place of the decedent for the purpose of the accounting, and the surrogate's power is precisely the same as if the letters of the deceased executor had been revoked in his lifetime, and he had been called upon to deliver up the assets. In that case his mouth would be closed as to any evidence of personal transactions between him and the testatrix, and the case would stand upon the memorandum of the testatrix and the evidence of Lighthall alone. Such evidence, in our judgment, would not be sufficient to charge the deposed executor with the payment of this $7,545.82, forwarded by Lighthall to the testatrix. There is, to my mind, a marked difference between the facts of this case and those of In re Clark, supra. In that case the referee found, upon direct proof, that the executor, within three months after the death of the testator, received $15,000 of money belonging to the estate, and deposited the same in the bank to his own credit. That case is not an authority that money in the possession of the testator some time before his death is evidence upon which to charge the estate of his deceased executor with the amount of the same, and we do not think that evidence that a testator, one year before his death, received money, is sufficient, without any evidence connecting his executor with it, to charge such executor on his final accounting with such money. It might be sufficient, in a proper application to compel him to marshal the assets, to require him to search for such money, and, if found, place it upon the inventory, but is not sufficient evidence to create a liability against the estate of the deceased executor. If we are right in this conclusion, then there is no evidence upon which to base a finding that the executor or his estate can be charged with $8,685.51, as found in the first conclusion of law of the learned surrogate, or that that sum came into the hands of this administratrix, belonging to the estate of Elizabeth Haney, deceased. It is well settled that a finding of fact without evidence is error of law. Code Civil Proc. § 993; Van Bokkelen v. Berdell, 130 N. Y. 141, 29 N. E. 254; Furner v. Seabury, 135 N. Y. 50, 51, 31 N. E. 1004.

Several questions are raised by the appellant as to alleged errors of the surrogate in the receipt of evidence offered by the contestants. We think the learned surrogate erred in receiving the memorandum made by Mrs. Haney of claims due her, and choses in action belonging to her, delivered to Lighthall. That was not a statement made or presented to William H. Ryalls, or in any way binding upon him or his estate. It must have been received as evidence of the amount of property owned by his testatrix; but as he was not a party to it, or, so far as appears, cognizant of its existence, it is difficult to see how it could bind him or his estate. It was not competent, even in corroboration of the testimony of Lighthall as to the amount of money forwarded by him to the testator. And yet this court cannot see that it did not harm the petitioner. When improper evidence is received which the court cannot see could, in any way possible, harm the appellant, it is the duty of the appellate court, for that reason, to reverse. For the reasons above stated, we think the surrogate's decree erroneous, and, as the facts are not sufficiently before this court to enable it to modify the decree, there should be a new trial or hearing before the surrogate, under section 2587 of the Code of Civil Procedure, with costs of this appeal to be charged upon the contestants, and paid out of their shares of the estate of Elizabeth Haney, deceased, and bequeathed to them in her will. Let an order be entered in accordance with this opinion.

PUTNAM and HERRICK, JJ., concur in the result.