In the Matter of the Judicial Settlement of the Accounts of SARAH M. RYALLS, Administratrix, etc., of WILLIAM H. RYALLS, Deceased, of the Proceedings of the Said WILLIAM H. RYALLS, as Executor, etc., of ELIZABETH HANEY, Deceased.

*Deceased executor — proof requisite to charge his estate — property of the testator not shown to have reached the executor — evidence.*

The burden of proof in establishing liability is upon the contestants seeking to surcharge the accounts of an administrator of a deceased executor.

When a will placed the residuum of the testator's estate so completely at the disposal of his executor as devisee and legatee for life that so much of the estate as may have been under the terms of the will consumed by the executor in his lifetime would not be properly chargeable against his administrator as the personal representative of his estate, it is incumbent on contestants, before they can surcharge the accounts of such administrator, to show the amount of the estate of the testator which came to the hands of the deceased executor, and also the amount remaining in the executor's hands undisposed of at his death.

Evidence that a testator, one year before his death, received certain money, is not sufficient, without proof connecting the deceased executor with the money, to create a liability against the estate of such executor, although such evidence might be sufficient on a proper application to compel a search for the money and its being inventoried if found.

Nor are the mere statements of the deceased executor, that his testatrix's estate would amount to a certain sum, sufficient to compel his administrator to account for such sum.

Proof by contestants, seeking to surcharge the account of the administrator of a deceased executor, of the amount of property received by and known to be in the possession of the testatrix of the deceased executor during the four or five years immediately before her death, without any direct proof that such property ever passed into the hands of the executor, is insufficient to charge the executor's estate.

On the accounting of the administrator of a deceased executor, the surrogate admitted in evidence, on behalf of the contestants, a memorandum or statement made by the testatrix of the deceased executor some three years before her death, of claims due her and choses in action belonging to her delivered by her to a third person, by whom money was thereafter from time to time paid to her.

*Held,* that as the deceased executor was not a party to this memorandum, nor, so far as appeared, cognizant of its existence, it was in no way binding upon him or his estate;

That the admission of this memorandum in evidence was error calling for a reversal of the surrogate's decree, since it could not be seen that it did not harm the appellant.

Third Department, December Term, 1893.          [Vol. 74.

Appeal by Sarah M. Ryalls, as administratrix of William H. Ryalls, deceased, who was the executor of Elizabeth Haney, deceased, from the decree of the Surrogate's Court of Saratoga county, made and entered in the surrogate's office of that county on the 19th day of January, 1893, on the judicial settlement of the appellant's accounts of the proceedings of said William H. Ryalls, as executor.

*Grenville M. Ingalsbe* and *L. H. Northup*, for the appellant.

*C. H. Sturges*, for the respondent Elizabeth R. Cowan.

*J. W. Houghton*, for the respondent Charlotte A. Patterson.

*Henning & McCall*, for the respondent Harlan P. Ryalls.

Mayham, P. J.:

Sarah M. Ryalls having been cited before the surrogate to show cause why she, as administratrix of the estate of William H. Ryalls, deceased, did not settle his accounts as executor of the will of Elizabeth Haney, deceased, appeared before the surrogate and filed her petition for such accounting. Whereupon the surrogate issued citations to the persons entitled to notice, and on the return of such citations she filed her account duly verified, in and by which she charges herself as such administratrix with the sum of $935.58, and alleges want of knowledge of any other liability or of the amount that the estate of William H. Ryalls should be credited on account of disbursements made by him in his lifetime.

Each of the children of William H. Ryalls, who are the residuary legatees in the will of Elizabeth Haney, filed objections to such account, in and by which they attempted to surcharge the same, alleging in substance that the said William H. Ryalls held about $10,000 of the property of the said Elizabeth Haney, in which he had a life interest only by her will, and that the remainder was bequeathed to his children after his death, in equal proportions.

In support of this contention the contestants proved, by evidence quite satisfactory, the existence of a mortgage of $2,000 given to Mrs. Haney on which there appeared to be due at the time of the death of William H. Ryalls the sum of $500, on which sum the interest was paid to the petitioner for three years.

There is also some evidence of the confessions or statements of William H. Ryalls, made at about the time of marshalling the assets

of his testatrix, Elizabeth Haney, that her estate would amount to about $20,000. It does not appear that this statement was an assertion of a fact, but rather a loose estimate or opinion of the probable amount, and standing alone it does not seem to me, under the circumstances in which it was made, to be such an admission of a fact as would bind him to account for that amount.

But the contestants seek to charge the estate of the deceased executor by proving the amount of property and money received by and known to be in the possession of his testatrix during the four or five years in which she lived with him immediately before her death. And upon this proof the surrogate seems mainly to have relied in making his decree, without any direct proof that this property ever passed into the hands of her executor.

Was this proof alone sufficient to charge his estate with the amount of the testatrix's property in the hands of his administratrix?

The rule is well settled that the burden of proof in establishing liability is upon the contestants seeking to surcharge the accounts of the administrator. (*Forbes* v. *Hulsey*, 26 N. Y. 60, 61; *Marre* v. *Ginochio*, 2 Bradf. 165; *Bainbridge* v. *McCullough*, 1 Hun, 488.) The will of Elizabeth Haney by its terms placed the residuum of her estate so completely at the disposal of her executor as devisee and legatee for life that so much of the estate as may have been under the terms of the will consumed by him in his lifetime would not be properly chargeable against his administratrix as the personal representative of his estate.

It was, therefore, incumbent on the contestants, before they can surcharge the accounts of the administratrix, to show the amount of the estate of Elizabeth Haney which came to the hands of the executor of her will, and also the amount remaining in his hands undisposed of at the time of his death. While the testimony of Lighthall as to the payment made to the testatrix of money during the time she resided with William H. Ryalls was competent as a circumstance tending to prove the amount of the estate of testatrix, it does not seem sufficient, standing alone, to charge the estate of her executor with a liability for that amount.

Assuming that the statement of Mrs. Haney, dated October 6, 1875, that she at that time left with Lighthall $7,971.85, was competent evidence, and was at the time true, and that $7,545.82 of

that amount was from time to time from that date to August, 1878, forwarded by him to her, does it raise such a legal presumption that she had it at the time of her death, March, 1879, as to create a valid charge against the estate of her executor?

For answer to that question we are referred by the learned counsel for one of the contestants to *Matter of Clark* (119 N. Y. 427–433).

In that case the court held that, under section 2606 of the Code of Civil Procedure, which authorized a surrogate upon the death of an executor to require his executor or administrator to account for and deliver over the trust estate, such representative stands in the place of the decedent for the purpose of the accounting, and the surrogate's power is precisely the same as if the letters of the deceased executor had been revoked in his lifetime, and he had been called upon to deliver up the assets.

In that case his mouth would be closed as to any evidence of personal transactions between him and the testatrix, and the case would stand upon the memorandum of the testatrix and the evidence of Lighthall alone.

Such evidence, in our judgment, would not be sufficient to charge the deceased executor with the payment of this $7,545.82, forwarded by Lighthall to the testatrix.

There is to my mind a marked difference between the facts of this case and those of *Matter of Clark* (*supra*).

In that case the referee found, upon direct proof, that the executor, within three months after the death of the testator, received $15,000 of money belonging to the estate and deposited the same in the bank to his own credit. That case is not an authority for holding that money in the possession of the testator some time before his death is evidence upon which to charge the estate of his deceased executor with the amount of the same, and we do not think that evidence that a testator, one year before his death, received money is sufficient, without any evidence connecting his executor with it, to charge such executor on his final accounting with such money.

Such evidence might be sufficient, on a proper application to compel him to marshal the assets, to require him to search for such money and, if found, to place it upon the inventory, but is not sufficient evidence to create a liability against the estate of the deceased executor.

If we are right in this conclusion then there is no evidence upon which a finding that the executor or his estate can be charged with $8,685.51, as found in the first conclusion of law of the learned surrogate, or that that sum came into the hands of this administratrix belonging to the estate of Elizabeth Haney, deceased, can be based. It is well settled that a finding of fact without evidence is error of law. (Code Civ. Proc. § 993; *Van Bokkelen* v. *Berdell,* 130 N. Y. 141; *Furner* v. *Seabury,* 135 id. 50, 51.)

Several questions are raised by the appellant as to alleged errors of the surrogate in the receipt of evidence offered by the contestants. We think the learned surrogate erred in receiving the memorandum made by Mrs. Haney of claims due her and choses in action belonging to her delivered to Lighthall.

That was not a statement made or presented to William H. Ryalls, or in any way binding upon him or his estate.

It must have been received as evidence of the amount of property owned by his testatrix. But as he was not a party to it, nor, so far as appears, cognizant of its existence, it is difficult to see how it could bind him or his estate.

It was not competent even in corroboration of the testimony of Lighthall as to the amount of money forwarded by him to the testator, and yet this court cannot see that it did not harm the appellant.

When improper evidence is received and the court cannot see that it will in no way harm the appellant it is the duty of the appellate court for that reason to reverse.

For the reasons above stated we think the surrogate's decree erroneous, and as the facts are not sufficiently before this court to enable it to modify the decree, there should be a new trial or hearing before the surrogate under section 2587 of the Code of Civil Procedure, with costs of this appeal to be charged upon the contestants and paid out of their shares of the estate of Elizabeth Haney, deceased, bequeathed to them in her will.

Let an order be entered in accordance with this opinion.

HERRICK, J., concurred; PUTNAM, J., concurred in the result.

Judgment and decree reversed, new trial granted before the surrogate, costs of appeal to be charged to the contestants and paid out of their share of the estate.