---

In the Matter of the Judicial Settlement of the Accounts of SARAH M. RYALLS, Administratrix, etc., of WILLIAM H. RYALLS, Deceased, as to the Proceedings of the said WILLIAM H. RYALLS, as Executor, etc., of ELIZABETH HANEY, Deceased.

*Accounting of an administratrix of an executor — the will of the decedent's testator is before the court — liability for property in the hands of the decedent as executor at the time of his death — burden of proof.*

Where, upon the accounting of an administratrix in a Surrogate's Court, the liability of the decedent as an executor can only be determined by the examination of the provisions of the will appointing him executor, the provisions of that will are before the court for judicial determination.

Upon the accounting of an administratrix in a Surrogate's Court the burden of proof is upon the contestants to show by competent proof the amount of the estate of another in the hands of the decedent as executor thereof at the time of his death, and his administratrix is chargeable upon her accounting only for the amount thus proved to have been in her hands.

REARGUMENT of an appeal by Sarah M. Ryalls, as administratrix of William H. Ryalls, deceased, who was the executor of Elizabeth Haney, deceased, from a decree of the Surrogate's Court of Saratoga county, made and entered in the surrogate's office of that county on the 19th day of January, 1893, on the judicial settlement of the appellant's accounts of the proceedings of said William H. Ryalls, as executor.

*Grenville M. Ingalsbe,* for Sarah M. Ryalls, administratrix, appellant.

*C. H. Sturges*, for respondent Cowen.

*J. W. Houghton*, for respondent Patterson.

*Henning & McCall*, for respondent Ryalls.

MAYHAM, P. J. :

I see no reason for changing the conclusion reached in this case when it was before us on the former argument, as reported in 74 Hun, 205.

*First.* The liability of Wm. H. Ryalls, as executor of the will of his mother, Elizabeth Haney, could only be determined by an examination of her will. The provisions of that will were, therefore, before the court for a judicial determination, for the purpose of ascertaining whether his estate was chargeable with all of her estate which came into his hands, or with so much of the same only as remained in his hands at the time of his death. By the terms of the will he was permitted to use the estate for his own benefit; and the amount not so used was bequeathed to the contestants.

*Second.* The burden was on the contestants of showing by competent proof the amount of the estate of Elizabeth Haney remaining in his hands at the time of his death, and his administratrix was chargeable in this accounting for that amount only; and the contestants failed to show the sum left over at the time of his death.

We still adhere to our views as expressed on the former hearing in reference to the error committed by the surrogate in the receipt of improper evidence offered by contestants, and received by the surrogate under the exceptions of the appellant. Also, to our views expressed as to the effect of the proof tending to show the amount of the property owned by Elizabeth Haney some years previous to her death, and we hold that that proof did not cast upon the appellant the *onus* of proving the negative proposition, that she did not die the owner and possessor of that amount, or that that amount did not come to the hands of her executor.

We, therefore, reiterate our former conclusion that the surrogate's decree is erroneous, and must be set aside and a new trial or hearing be had before the surrogate, under section 2587 of the Code of Civil Procedure, with costs of this appeal against the contestants, to

be paid out of their shares of the estate of Elizabeth Haney, bequeathed to them in and by her will.

PUTNAM, J. :

It is apparent from the findings of the surrogate that he placed no reliance on the testimony of the witness Mary Hunter, as to the admission of William H. Ryalls that "he had already realized $15,000" from the estate of Elizabeth Haney, deceased. Had he credited the statement of that witness, his findings of fact would have been different from those actually made. I think the surrogate was justified in disbelieving the statement of the witness. All the other testimony in the case tends to show that she was mistaken.

The surrogate, therefore, in finding that Elizabeth Haney, at the time of her death, was possessed of $8,392.47 of property, which came to the hands of William H. Ryalls as her executor, must have based such finding, principally, upon the testimony of William F. Lighthall, the agent of said Elizabeth Haney, showing the payment to her of the sums mentioned in Lighthall's account during the four or five years prior to her death. The surrogate assumed that the sums of money so paid to Mrs. Haney by Lighthall during the time in question, or the proceeds thereof, remained in her possession at the time of her death and were received by Ryalls as her executor, and that the evidence of the receipt by Haney from Lighthall of the property in question, and the presumption that said property continued in her possession at the time of her death, called on the administratrix of William H. Ryalls to account therefor.

I think that the surrogate in so holding erred, for the reasons stated by MAYHAM, P. J., in *Matter of Ryalls* (74 Hun, 205).

It is to be presumed, from the evidence in the case, that Mrs. Haney deposited the greater portion of the various sums received by her from Lighthall in the Union Savings Bank at Saratoga Springs. All the sums so deposited by her, except a small balance, were drawn out by her during her lifetime by checks. No proof was given on the trial below that the money so drawn out by Mrs. Haney from the Union Savings Bank ever came into the possession of William H. Ryalls, or the proceeds thereof. No evidence whatever was given as to the disposition of the greater part of the money so drawn by Mrs. Haney from said bank. I think it was mere

speculation to assume that Ryalls received the money so drawn out by deceased in the absence of all proof showing that it came into his hands.

In the absence of other evidence showing that the property in question was received by Ryalls, I think the surrogate should have charged his estate only with the amount admitted by William H. Ryalls in his account made and filed in 1881, together with the value of the stock of the Provident Loan Company.

For the reasons above stated, and also on account of the reception in evidence by the surrogate of the memorandum referred to in the opinion of MAYHAM, P. J. (74 Hun, 209), I think there should be a new trial before the surrogate.

I have not considered the question as to whether the will of Elizabeth Haney, deceased, gave to her son a mere life estate in the property in question, or the use of such property, with a right to expend the principal thereof. In the view I have taken of the case it is unnecessary to pass upon that question.

HERRICK, J. :

I do not think that under the provisions of the will of Elizabeth Haney her executor and devisee, William H. Ryalls, was entitled to use any portion of the principal of the estate so as to diminish its amount.

It seems to me that all he was entitled to was the use and enjoyment thereof by the receipt of its rent, income and profits during his lifetime.

Upon the other questions discussed I concur with my associates, and concur in reversing the decree of the surrogate and directing a new trial.

Decree of the surrogate set aside, new trial directed, with costs and disbursements of this appeal against the contestants to be paid out of their share of the estate.