THE FARMERS' LOAN AND TRUST COMPANY, as Substituted Trustee under the Will of WILLIAM S. PENDLETON, Deceased, Respondent, *v.* JENNIE F. PENDLETON, as Executrix of JOHN M. PENDLETON, Deceased, Trustee under the Will of WILLIAM S. PENDLETON, Deceased.

TRUST — ACTION FOR ACCOUNTING AGAINST EXECUTRIX OF DECEASED TRUSTEE — INSUFFICIENT EVIDENCE AS TO WHAT PORTION OF TRUST FUND, IF ANY, CAME INTO DEFENDANT'S POSSESSION. Where it appears, in an action brought against the executrix of a deceased trustee for an accounting of the trust funds which came into her hands, or the hands of her testator as surviving co-trustee of a testamentary trust, that she had no knowledge of the trust fund and had no books or papers of her testator containing any record of his proceedings as trustee from which any account could be prepared, and there is no finding of fact, or evidence which would justify a finding, that she had received any part of the trust fund or that the full amount thereof ever came into the hands of her testator, a judgment against her for the full amount of the · trust fund, with interest, is unwarranted and erroneous.

*Farmers' Loan & Trust Co.* v. *Pendleton*, 90 App. Div. 607, reversed.

(Argued October 26, 1904; decided November 29, 1904.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered January 26, 1904, affirming a judgment in favor of plaintiff entered upon the report of a referee.

The action was brought solely to obtain an accounting by the defendant as the executrix of John M. Pendleton, deceased, who was an executor and trustee under the will of his father, William S. Pendleton. William S. Pendleton died in the state of Florida before March 3, 1879, leaving a last will and testament, which on that day was admitted to probate at Boston, Massachusetts. He left three sons, William H., John M. and George R. Pendleton. William and John were named as executors in their father's will, and duly qualified as such in Boston. George R. Pendleton was an incompetent person, who has died since the judgment in this action.

By his will William S. Pendleton gave and bequeathed to his executors the sum of sixteen thousand dollars to be invested in United States bonds or other good securities, to be held in trust " by my said executors for the use and benefit of my son George R. Pendleton," to pay the income thereof to George and apply it to his use during his natural life, and provided that no part of said income should be paid by way of anticipation. At the death of his son George R. he directed that the principal should be paid over to the lawful issue of George, if he should leave any, and in default of such issue the principal should fall into and become a part of his residuary estate. He then gave his sons John M. and William H. the residue of his estate, appointed them as executors and trustees under the same, and gave them power to sell the securities held by them in trust and to change the form of investments to other securities.

William H. died in the city of New York July 8, 1887. John M. died at New Brighton, Staten Island, August 18, 1900, leaving a will under which the defendant was appointed his executrix. Both William H. and John M. had been residents of this state for some years prior to their deaths. In December, 1900, an order was made by the Special Term

appointing the plaintiff as a substituted trustee to execute the trust under the will of William S. Pendleton for the benefit of George R.

The plaintiff as such substituted trustee commenced this action to obtain an accounting by the defendant as the executrix of John M. Pendleton, who was the surviving executor or trustee under the will of George R. Pendleton.

Upon the trial the plaintiff introduced in evidence the inventory of the estate of William S. Pendleton which was filed May 3, 1879, in probate proceedings in Massachusetts. This inventory discloses that the testator was possessed of personal property of the value of about twenty-four thousand dollars, including certain railroad bonds which were specifically bequeathed to Eliza M. Pendleton, leaving about nineteen thousand dollars which should have passed into the hands of the executors.

The plaintiff also proved that five bonds of the St. Paul, Minneapolis and Manitoba Railway Company, of the value of five thousand dollars, with interest thereon, were found in the possession of the Union Trust Company to the credit of John M. and William H. Pendleton, trustees, and that these bonds were turned over to the plaintiff. It also introduced in evidence a mortgage for six thousand dollars, dated May 1, 1880, given by Eliza G. Robinson and another to John M. Pendleton and William H. Pendleton, as trustees of George R. Pendleton, under the last will and testament of William S. Pendleton. It was upon premises in New Brighton which had been conveyed to the mortgagor by William H. Pendleton individually, and was for the full amount of the purchase price. It was satisfied June 18, 1885, and the satisfaction was recorded February 20, 1901.

The plaintiff also introduced in evidence a check dated December 29, 1885, on the Union Trust Company payable to the order of John M. Pendleton for four thousand dollars signed by John M. and William H. Pendleton as trustees, "fund of George R. Pendleton;" together with two checks, dated June 1 and November 20, 1899, for $142.50 each, to

the order of John M. Pendleton, the former being signed by John M. Pendleton as surviving trustee, the latter by John M. Pendleton surviving executor.

The plaintiff likewise offered in evidence four checks, dated during the year 1887, aggregating $627.05, signed by John M. Pendleton, on the Union Trust Company, and payable to the asylum in which George R. Pendleton was confined.

The petition, signed by the defendant in proceedings for the appointment of the plaintiff as substituted trustee, contained a statement that the Union Trust Company had acted as depositary for the fund in question since 1883, at the request of both trustees. The defendant denied any knowledge of the fund in question, or that any part of it ever came into her possession.

Upon this evidence the Special Term rendered a decision by which it held that the plaintiff as substituted trustee was entitled to an interlocutory judgment for an accounting by the defendant as executrix of the will of John M. Pendleton, of the trust fund of sixteen thousand dollars created under the will of William S. Pendleton for the benefit of George R.

On May 13, 1902, an order was entered in pursuance of this decision appointing a referee to take and state the account of the defendant, and directing that upon the coming in and confirmation of the report a final judgment should be entered fixing and determining the amount due the plaintiff by the defendant as executrix. In pursuance of this order the defendant rendered a statement, in which she alleged that it was impossible for her to state such account as she had no knowledge of the trust fund of the estate of William S. Pendleton. She included therein a schedule of payments made by John M. Pendleton for the benefit of George R. Pendleton, amounting to $8,422.82, which was made up from vouchers and checks in her possession. The plaintiff objected to this account mainly on the ground that it did not show the amount of the trust fund received by John M. Pendleton. Upon the hearing before the referee the defendant again testified that no trust funds came into her possession; that she received about

twelve hundred dollars as executrix of her husband, and that there was real estate on Staten Island standing in his name.

The referee delivered his report, in which he stated in substance that he was unable to take and state an account, because the defendant denied any knowledge of the trust fund and asserted that she had no books or papers of said John M. Pendleton containing any records of his proceedings, from which such an account could be taken. He, however, submitted the several items of disbursements which the defendant had mentioned on the hearing before him. Both parties filed objections to this report. The court, however, confirmed it, and then gave judgment against the defendant as executrix for the sum of $24,937.18, together with counsel fees and costs.

*Jacob F. Miller* for appellant. The court erroneously presumed defendant's guilt and only removed that presumption so far as she could prove affirmatively that her husband had made payments for which she ought to be credited. (*Matter of Hicks*, 170 N.Y. 194; *Bartlett* v. *Hatch*, 17 App. Div. 461; *Matter of Straut*, 126 N. Y. 201; *Ferris* v. *Van Vechten*, 73 N. Y. 113.) This executrix represents the estate which the defendant left. She does not represent the estate of William S. Pendleton, for she was not appointed trustee of his estate. When, therefore, she is called upon as executrix of the will of John M. Pendleton, sole surviving trustee, it is evident that she could only be called upon as she represented the representative and as a consequence account for what she received from his estate. (*Matter of Hicks*, 170 N. Y. 195.) In this action, which was one for an accounting, the defendant should be held for only the amount which she received. If the plaintiff wishes to charge the estate of John M. Pendleton with a devastavit, it should have brought its action accordingly and proved it. In this action there is an entire failure of proof. The method adopted failed in every particular. (*Burnell* v. *Ramsey*, 2 Dem. 329; *Lacomb* v. *Lacomb*, 1 Dem. 31; Code Civ. Pro. § 2606; *Maze* v. *Brown*, 2 Dem.

219; *Dakin* v. *Deming*, 6 Paige, 95; *Montross* v. *Wheeler*, 4 Laus. 99; *Farnsworth* v. *Oliphant*, 19 Barb. 30; *Scofield* v. *Adriance*, 2 Dem. 489; *Walton* v. *Walton*, 4 Abb. Ct. App. Dec. 516.)

*Charles K. Beekman* for respondent. It having been established that John M. Pendleton accepted and administered the trust fund, the burden of accounting for said trust fund rested upon the defendant as his representative. (*Frethey* v. *Durant*, 24 App. Div. 61; *Merritt* v. *Merritt*, 33 Misc. Rep. 230; *Blauvelt* v. *Ackerman*, 23 N. J. Eq. 495; *White* v. *Rankin*, 18 App. Div. 293; *Hart* v. *Ten Eyck*, 2 Johns. Ch. 108; *Amory* v. *Delamirie*, 1 Smith L. C. 639; *Hooley* v. *Gieve*, 9 Abb. [N. C.] 8; *Roth* v. *Wells*, 41 Barb. 194; 29 N. Y. 491; *Cook* v. *Lowry*, 29 Hun, 20; 95 N. Y. 103; *Matter of Reed*, 45 App. Div. 204.) Facts have been proved sufficient to constitute a cause of action against the defendant for the relief prayed for in the plaintiff's complaint. (*Jones* v. *Jones*, 8 Misc. Rep. 660; *Curtis* v. *Smith*, 60 Barb. 9; *Matter of Toucey*, 2 App. Div. 569; *Montalvan* v. *Clover*, 32 Barb. 190; *Brown* v. *Knapp*, 79 N. Y. 136; *Quackenboss* v. *Southwick*, 41 N. Y. 117; *Gulick* v. *Gulick*, 33 Barb. 92; *Field* v. *Gibson*, 20 Hun, 274; *Matter of Fithian*, 44 Hun, 457; *Matter of Watson*, 64 Hun, 369.)

MARTIN, J. The unanimous affirmance by the Appellate Division of the judgment entered in this case has eliminated from our consideration several important and interesting questions which were presented upon the argument and by the briefs of counsel. The facts, so far as they were found by the trial court, must be regarded as conclusively established and cannot be reviewed here. Assuming those facts, the important question is whether they justify the judgment.

Upon the trial before the court, which resulted merely in an interlocutory judgment directing an accounting by the defendant, the findings were probably sufficient to justify that judgment which determined nothing beyond the liability of

the defendant to account.    (1 Cyclopedia Law and Procedure,
p. 413.)    But the more serious question is whether there were
any findings or evidence which justified a final judgment for
$24,937.18.    It seems quite impossible to find in the record
any findings of fact or evidence to sustain the conclusion that
the defendant, in her representative capacity or otherwise
was liable for the amount with which she has been charged.
Although there was evidence that at some time her testator
had been in possession of a portion of the estate of William
S. Pendleton as executor or trustee, and that he paid out vari-
ous sums for the care and support of George R. Pendleton,
yet there was no finding nor proof which would show that the
plaintiff was entitled to recover the amount of the final judg-
ment awarded.    The only findings of fact contained in the
record related to and bore upon the issue whether the plain-
tiff was entitled to an interlocutory judgment requiring the
defendant to render an account for such funds as she or her
testator had received from the estate of William S. Pendle-
ton which were bequeathed to the trustees named in the will
and of which George R. Pendleton was given the use during
his life.    The court found facts upon that issue alone, and the
matter of the accounting was then referred to a referee to
take proof thereon and report to the court.    A hearing was
had, and the referee reported that he was unable to take and
state the account, for the reason that the defendant was
unable to render an account, as she had no knowledge of any
such trust fund, and had no books or papers of her testator
containing any record of his proceedings from which any such
account could be prepared.    Upon this report, with no fur-
ther proof as to the amount received by the defendant or her
testator, the plaintiff applied for a confirmation thereof and
for final judgment against the defendant, which was granted.
Thus the report of the referee to the effect that the defend-
ant was unable to make and state an account was passed upon
and confirmed by the court.

The hearing before the referee on the attempted accounting
in this case, so far as it proceeded, disclosed that none of the

fund to which it related was in the hands of the defendant or in the hands of her testator at the time of his death, or at least none which she could identify, and, hence, she was unable to state the account. In such an action both parties are deemed actors when the cause is before the court or referee on its merits. (Story's Equity Jurisprudence, § 522 ; Van Santvoord's Equity Practice, *v.* 161 ; 1 Cyclopedia of Law and Procedure, 434.)

The contestants were required to show by competent proof the amount of the estate in the hands of the decedent as executor or trustee thereof, and his representative upon an accounting was chargeable only for the amount thus found to have been in his hands. (*Matter of Ryalls*, 74 Hun, 205 ; *Matter of Ryalls*, 80 Hun, 459.) The defendant being unable to state the account so far as it related to any portion of the trust fund that came into the hands of her testator, if any, the plaintiff, before it was entitled to a final judgment for any sum, was required to show not only that a portion of the fund came into the hands of the defendant's testator, but also to show the amount, and the court could properly charge the defendant only with that amount, as in no case will a trustee be held for more than he receives, if he is in no fault . and has committed no breach of the trust. (2 Perry on Trusts, § 847 ; *Staats* v. *Bergen*, 30 N. J. L. 131.) The learned judge, to whom the application for judgment was made, said : " If defendant fails for any reason in accounting, plaintiff must endeavor to fix the sum actually due from information within its possession or ascertainable with due diligence," thus plainly indicating that to his mind the proof as to the amount of the fund in the hands of the defendant, or that came into the hands of her testator, was uncertain, and that that amount should be more clearly established to entitle the defendant to a final judgment for the amount claimed and for which the judgment was awarded. Yet, notwithstanding these views of the court, a judgment was entered by the plaintiff for the full amount of the trust fund mentioned in the will of William S. Pendleton, with six per cent interest from 1879, without fur-

nishing any further proof to establish the amount which had reached the hands of the defendant's testator, and for which alone the defendant should be held liable as such executrix. We fail to find in the record any finding of fact by the court or any evidence which would justify a finding that the defendant had received any portion of the trust fund, or that the full amount of such fund ever came into the hands of her testator.

Under the will of William S. Pendleton there were two executors or trustees, and it appears that a portion of the fund in question was in the hands of the co-trustee with defendant's testator, for which the latter would not be liable, unless the fund subsequently came into his hands, or it was dissipated with his consent or by reason of his negligence. (*Croft* v. *Williams*, 88 N. Y. 384; *Bruen* v. *Gillet*, 115 N. Y. 10.)

Under the circumstances of this case and in view of the fact that the defendant was a mere representative of her testator, who left no books or papers from which an account could be made, and, consequently, she was unable to state such account, we think the burden of tracing the trust fund into the hands of the defendant or her testator rested upon the plaintiff, and that until such proof was furnished or finding made the plaintiff was not entitled to enter a judgment for the full amount of the trust fund, with six per cent interest. Nor do we think that it can be presumed from the evidence in this case that the defendant's testator was ever in possession of the entire fund, so as to make the defendant, as his executrix, liable therefor. The principle involved in *Matter of Hicks* (170 N. Y. 195) seems applicable in this case. That was a proceeding before the surrogate to compel an executor of a general guardian to pay over an amount due to his ward in preference to other creditors without proof that the assets of the decedent in the hands of his executor were a part of or derived from the trust fund. It was there said that a presumption that the trust funds were in the hands of the executor could not be indulged in, in the absence of any finding or evidence to that effect, in favor of the claim of his ward. So

here, we think no presumption can be indulged in to the effect that the entire trust estate came into the hands of the defendant's testator so as to compel the defendant to account therefor.  So far as it was shown that the defendant's testator received a part of the trust estate, his estate was liable.  But before the plaintiff can sustain this judgment or recover the amount thereof, it must be proved and found that the whole trust fund came into his hands, or such facts must be established as would fairly permit the plain deduction that he received all of such fund.  We think no such evidence was given and no such finding made by the trial court, and, consequently, no sufficient basis for the judgment awarded was established.  Mere proof that twenty years since a portion of this fund was held jointly by the trustees with no proof of any settlement in, or order by the probate court, or of a transfer of said fund to them as trustees, was insufficient to establish possession of the entire estate in the defendant's testator as such trustee.

The character of this action should be kept in mind.  It is purely an action for an accounting and nothing else.  Therefore the plaintiff was entitled only to the relief appropriate to such an action.  It was not an action for breach of trust, or for *devastavit*.  The defendant was called upon to account for the trust fund created by the will of William S. Pendleton for the benefit of George R. Pendleton.  So far as that fund was proved to have been in the hands of the defendant's testator at his death, she is required to account, so far as possible.  If, however, she has no knowledge of any such fund and no books or papers from which she can acquire it, she cannot be required to state an account.  Or, in other words, she is not required to do an impossible thing.  Therefore, when the referee made his report, to the effect that the account could not be stated upon the proof introduced before him, it was clear that other and further proof was required.  The court might have referred the case back to the referee to take such further proof as the plaintiff might furnish as to the amount of the fund, if any, which came into the

hands of the defendant or which came into the hands of her testator. It might also have taken that proof, but nothing of the kind was done. Nor did the court awarding the final judgment make any findings whatever, and there was no proof nor findings which could, have formed a proper basis for the judgment entered. Even if it be held that that court could act upon the evidence previously taken before another judge as a basis for the interlocutory judgment, it was insufficient as it entirely failed to show that the whole amount of such fund ever came into the hands of the defendant's testator. Nor was there sufficient proof in the case to uphold a legitimate presumption to' that effect. While there may have been sufficient proof to justify a judgment for a smaller amount, we think there was none that would justify the judgment actually entered.

The judgment should be reversed and a new trial granted, with costs to abide the event.

Cullen, Ch. J., Gray, O'Brien, Bartlett, Vann and Werner, JJ., concur.

Judgment reversed, etc.