It follows from what has been said that the legacy of $500 bequeathed to the trustees of the Reformed Church became and is a charge upon the real property devised to the petitioner in and by the fourth clause of the will.

A decree in accordance herewith may be entered herein upon the usual notice.

Decreed accordingly

———————————

(91 Misc. Rep. 471.)

### In re POLLOCK'S ESTATE.

(Surrogate's Court, New York County. August, 1915.)

EXECUTORS AND ADMINISTRATORS ☞475—ACCOUNTING—MONEY COMING INTO EXECUTOR'S POSSESSION.

An executor will be required to account for trust funds and money which belonged to testatrix individually, and which she loaned to him or gave him to invest, but not for money which she loaned or gave to another, and which was not in her possession at the time of her death, and did not come into the possession of the executor.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 2061; Dec. Dig. ☞475.]

In the matter of the estate of Camilla E. Pollock, deceased. On hearing of objections filed to the account of executor and trustee. Decreed according to opinion.

Oliver E. Davis, of New York City, for petitioner.

C. H. & J. A. Young, of New York City (Albert Ritchie, of New York City, of counsel), for respondent.

FOWLER, S. The executor and trustee under the will of the testatrix has filed an account of his proceedings, and objections thereto have been filed by the life tenant and the remainderman mentioned in her will. The objections relate to the proceeds of real estate devised by Julius Pollock to the testatrix for life. The testatrix was the widow of Julius Pollock. It appears from the testimony already taken before me that the proceeds of this real estate were lent or given for investment by the testatrix to one Donald McLean, and it is contended that the executor and trustee of her estate should account in this proceeding for the money so loaned or invested.

Julius Pollock gave the "use and enjoyment" of his entire estate to the testatrix during her life, and directed that upon her death the income should be paid to his children until they arrived at the age of 30 years, when the principal was to be paid over to them. The only child of the testator who survived the life tenant is Donald Julius Pollock, and he is also remainderman under the will of the testatrix. The testatrix, as life tenant in possession of the property, was a trustee for the purpose of preserving the principal for the remainderman and of paying over to herself the income therefrom during her life. Leggett v. Stevens, 185 N. Y. 70, 77 N. E. 874; Seaward v. Davis, 198 N. Y. 420, 91 N. E. 1107. Upon the death of the testatrix herein as trustee of the estate of Julius Pollock, deceased, the remainderman

———————————

became entitled to the corpus of the trust fund bequeathed and devised by the will of Julius Pollock. The executor of the estate of testatrix is required to account to such remainderman for any part of the trust fund that came into his possession; and, so far as the trust fund may be proved to be in the hands of the testatrix at the time of her death, her executor would be compelled to account for it. Farmers' Loan & Trust Co. v. Pendleton, 179 N. Y. 495, 72 N. E. 508. But the executor of the deceased trustee is not liable to account for any of the trust funds that did not come into his possession or under his control. Matter of Hayden, 204 N. Y. 340, 97 N. E. 718.

It is apparent from the papers filed on this application that the proceeds of the real estate which belonged to Julius Pollock, and which constituted part of the trust fund in possession of testatrix as life tenant, did not come into possession of Donald McLean as executor of the estate of testatrix. The moneys which were paid to the testatrix upon the partition and foreclosure of the real estate were given by her to Donald McLean many years prior to her death. The property was not in her possession at the time of her death, and did not come into the possession of her executor. Therefore such executor is not liable to account for it in this proceeding.

The objections that have been filed to the account of the executor in relation to the proceeds of real estate paid to the testatrix as life tenant under the will of Julius Pollock are overruled. The executor should account for the moneys which belonged to the testatrix individually, and which she loaned to him or gave to him for purposes of investment.

Decreed accordingly.