## Court of Appeals.

June 1898.

## PEOPLE v. JOHN E. DORTHY.

1. EVIDENCE—IMPEACHMENT—EXPULSION FROM CHURCH.
   The fact that a witness has been expelled from some church, society or club, does not tend to impeach his credibility.

2. SAME—DISBARMENT.
   The prosecution, upon defendant's admission that he has been disbarred as an attorney of the court, is not entitled to require him to answer or explain the charges that had been made against him in the proceeedings for his removal.

**3. APPEAL—ABUSE OF DISCRETION.**

The statement in the judgment that the court below had reviewed the facts, and, in the exercise of its discretion, had refused to grant a new trial on the facts, does not cover a question arising out of an abuse of discretion in permitting irrelevant and incompetent questions to be propounded to the defendant on cross-examination, when a proper exception had been taken.

**4. SAME—NON-REVIEWABLE.**

Where the court below has decided that the defendant's rights were affected by incompetent testimony and his exceptions good, such decision is not open to review in the court of appeals.

**5. SAME—SUSTAINING REVERSAL.**

The defendant is entitled, in the court of appeals, to sustain the judgment of reversal on any ground disclosed in the record upon which the court below might have made the decision under review.

**6. EVIDENCE—IMPEACHMENT.**

Letter, written by one of defendant's professional brethren to complainant after the commission of the offense and expressing a very unfavorable opinion of the integrity of the defendant, and of his conduct in the particular transaction involved in the charge set forth in the indictment, is not legal proof against the accused.

**7. SAME.**

The opinions of defendant's neighbors, verbal or written, with respect to his character or conduct, should be excluded, unless given on oath in open court upon some issue where character or credibility was involved.

APPEAL from a judgment of the appellate division of the Supreme Court in the fourth judicial department, reversing for errors of law, and not for errors of fact, nor as a matter of discretion, a judgment entered upon a verdict convicting defendant of the crime of grand larceny in the second degree, and an order denying a motion for a new trial.

The judgment of the appellate division, in addition to reversing for errors of law the judgment of conviction and the order denying a new trial, stated that having inspected the return and the facts therein, and having exercised its discretion, it had refused a new trial upon the facts, and also refused a new trial upon the ground that the verdict was against the weight of the evidence.

Edward Harris and George D. Forsyth, for appellant.

John Van Voorhis, for respondent.

O'BRIEN, J.—The defendant, who is an attorney and coun-
selor at law, was indicted for grand larceny in the second degree
and charged with feloniously stealing the sum of $250, from
one William G. Rich. After a trial he was found guilty by
the jury, but the judgment has been reversed by the appellate
division.

The complainant in the case lived in the state of Rhode
Island and had some relations with the defendant in his pro-
fessional capacity. There was a suit pending before a referee
in which the complainant was interested, and his interest was
represented nominally by another attorney selected for that
purpose under the defendant's advice. The defendant repre-
sented other parties, though it appears that much of the cor-
respondence with the complainant was carried on by him, and
it is clear from other circumstances that the interest of the com-
plainant in the suit was intrusted in some form and in some
general way to the defendant.

The money was paid by Rich upon a draft drawn by the de-
fendant upon him, and the question of fact in the case was
whether the defendant received the proceeds as compensation
for services rendered or to be rendered by him in the suit, or in
a fiduciary capacity as the agent of Rich for the purpose of
paying the fees of the referee upon the delivery of his report
in the case, an event which the parties were then anticipating.
It turned out that when the report was delivered the fees
amounted to only $100.50, but no part of that sum was paid by
the defendant. His claim upon the trial was that he had re-
ceived the $250 as compensation, while the complainant insisted
that he sent the money to the defendant for the special purpose
of paying it to the referee, but that he converted it to his own
use under such circumstances as to constitute the crime of
larceny. The court below has affirmed the verdict against the
defendant upon the facts, and the reversal was based upon
certain exceptions appearing in the record.

One of these exceptions was taken by the defendant's counsel
to certain questions propounded by the district attorney to the
defendant upon cross-examination as a witness in his own be-
half. These questions called for his then relations with the

Baptist church, of which it seems he had been a member. The People were permitted virtually to inquire of the defendant whether he had not been expelled from the church. The questions were not, it is true, in precisely that form, but they were that in substance and effect, and for all the purposes of the exceptions must be so understood. The witness was asked if he was once a member of that church, and he replied that he was. He was then asked, " Are you a member now ? " He answered " No." The next question was " Did you state in a communication to the Baptist Church authorities of the city of Rochester, or any of them, that while they had withdrawn from you the hand of Christian fellowship, you should still continue to work in the cause of Christ ? " The witness gave the following answer to that question : " My answer is that all the communications that I had with the Second Baptist church are in writing, and I desire to produce them if you are going into the subject. I said in one communication that notwithstanding their action I should still continue to be interested in the cause. I am not here to say whether I am a moral gentleman or not ; I so regard myself." These questions were all properly objected to and the answers given under exception.

When this testimony is read with other parts of the record it will be seen that the People drew from the witness the fact that he had been expelled from the church, and hence his exceptions could have been considered by the court below in the same way as if the specific question had been asked. The fact that a witness has been expelled from some church, society or club does not tend to impeach his credibility. He may have been expelled for reasons that had no relation to his moral character, and since it is not claimed that the testimony had any bearing on the main issue in the case, it was the right of the defendant to have it excluded from the consideration of the jury.

The exceptions taken by the defendant's counsel to the numerous questions put to the defendant when under cross-examination as a witness in his own behalf, tending to show that he had been removed from his office as an attorney of the court, stand upon a somewhat different ground. For all the purposes of the questions we will assume that the district at-

torney could ask him whether he had not been so removed or disbarred. It clearly appeared from his answers, and otherwise, that he had been so removed or disbarred. That was as far as the prosecution was entitled to go. The presumption was that the order of removal made by the court was based upon charges and proof in all respects sufficient. But the witness was cross-examined by the People at great length with reference to many of the specific charges in that proceeding relating to specific acts of fraud or misconduct committed by him against particular individuals named, and he was asked if he had not been convicted in that proceeding of the various acts of misconduct embraced in the several charges against the individuals named therein. The questions were all objected to and answered under exception.

The witness was virtually required on the trial of an indictment for a specific offense to answer or explain all the charges that had been made against him in the proceedings for his removal. This is to extend the right of cross-examination beyond all reasonable or just limits. So long as it appeared from the admissions of the witness upon the stand that he had been removed, it was of no consequence whether that result proceeded from one charge or two, or whether the particular misconduct was practiced upon wealthy men or a poor woman. The only fact that the People were entitled to prove to the jury was that the witness had been dealt with by the court for misconduct, and hence his credibility was so far affected.

It is quite true that the trial court had large discretion with respect to the extent and nature of the cross-examination, but it is equally true that this discretion was open to review of the appellate division, and it has held that it was error to permit the examination of the defendant by the People on all these questions. The statement in the judgment that the court below had reviewed the facts, and in the exercise of its discretion had refused to grant a new trial on the facts, does not cover a question arising out of an abuse of discretion in permitting irrelevant and incompetent questions to be propounded to the defendant on cross-examination, when a proper exception had been taken.

It is argued by the learned counsel for the People that the exceptions referred to did not affect any substantial right of the defendant at the trial, or with the jury, and that the court below should have disregarded them under section 542 of the Criminal Code. The court below has decided that the defendant's rights were affected by the testimony and that his exceptions were good. We think that the conclusion in that respect is not open to review here. Whether in any criminal case an exception to incompetent testimony raises a question which affected the substantial rights of the accused upon the trial, cannot be a pure question of law. The court below having held that the defendant was prejudiced in his rights by the rulings referred to, it is not open to this court to say that he was not, and hence, from the nature of the question, we feel bound by the decision below in that respect.

The defendant is entitled in this court to sustain the judgment of reversal on any ground disclosed in the record upon which the court below might have made the decision under review. There were numerous exceptions in the record not referred to in the opinion below that raise questions of law of considerable importance. We think it would be difficult to answer some of them, but since they may not arise on another trial it is not needful to discuss them. We will only refer to one piece of evidence which was received against the defendant's objection and exception, that, so far as we can see, had no bearing on the issues in the case, and yet may have been prejudicial to the defendant with the jury. It is a long letter addressed to Rich, the complainant, by an attorney who had appeared for him in the litigation before the referee by the advice of the defendant and under some arrangement of the parties. It is dated October 9th, 1895, and was written after all the facts concerning the conversion of the $250 had transpired. The crime had then been committed, if at all. It came from one of the defendant's brethren, who had personal and professional relations with him, and would, therefore, be supposed to know whereof he spoke. This letter plainly showed that the writter had a a very unfavorable opinion of the integrity of the defendant, and of his conduct in the particular transaction involved in the

charge set forth in the indictment. His opinions thus expressed in the letter were not legal proof against the accused, and yet they were in this way presented to the jury, and it would be impossible to say that the communication did not prejudice the defendant's case. We are unable to see that the letter was competent as bearing upon the issue, or that it had any legal bearing upon the credibility of the defendant as a witness. It is always important in such a case to confine the proof to the very issue on trial, and the opinions of the defendant's neighbors, verbal or written, with respect to his character or conduct, should be excluded, unless given on oath in open court upon some issue where character or credibility was involved.

In our view of the whole case, we conclude that we ought not to interfere with the judgment of reversal or the order granting a new trial, and so, we think, that the decision of the court below in that respect should be affirmed.

All concur (HAIGHT, J., on last ground stated in opinion).

Judgment affirmed.