IRVING McWHARF and Another, Respondents, v. ALLIS P. WEBBER, Appellant.

Fourth Department, December 30, 1927.

Evidence — credibility of witnesses — improper to ask defendant on cross-examination, in civil action, if he was not put under bond to keep peace — Civil Practice Act, § 350, applied.

It was error for the court, in this action to recover damages for alleged unlawful eviction by defendant, to permit counsel for the plaintiffs to ask the defendant on cross-examination if the defendant had not been put under bond to keep the peace.

Under section 350 of the Civil Practice Act, it is competent to ask a witness upon cross-examination if he has ever been convicted of a crime, but the cross-examination must not be permitted to inquire into anything less than a conviction.

APPEAL by the defendant from an order of the County Court of the county of Monroe, entered in the office of the clerk of said county on the 9th day of December, 1926.

Fowler & Wegner [Ray F. Fowler of counsel], for the appellant.

MacFarlane & Harris [William MacFarlane of counsel], for the respondents.

HUBBS, P. J. The plaintiffs and the defendant entered into a contract under which the plaintiffs agreed to work the defendant's farm on shares for one year. The complaint alleged that before

the expiration of the year the defendant breached the contract and prevented the plaintiffs from going on with the work, and by his conduct forced them to remove from the farm. The answer is in substance a general denial. It also alleges that the plaintiffs breached the contract and sets up a counterclaim for damages therefor.

The jury found a verdict for the full amount which the plaintiffs finally demanded upon the trial. The issues of fact were sharply contested. It is somewhat doubtful if the jury was justified in awarding as large a verdict as it did.

The plaintiffs testified that upon a certain day in October, 1925, the defendant ordered them to leave the farm, that he was very much excited, swore at them, and threatened to kill them. They testified that they believed that he would kill them and that they moved from the farm for that reason. The defendant denied that he made any such statements or threats. In arriving at its verdict it became necessary for the jury to determine whether the plaintiffs or the defendant told the truth upon that issue as well as upon the other questions submitted to it.

This is, therefore, a case where an erroneous ruling upon a question of evidence which permitted prejudicial testimony to be received might, and very likely did, have an injurious effect. While cross-examining the defendant the plaintiffs' counsel asked him: " Q. Weren't you put under bonds to keep the peace in the town of Greece? " The defendant's counsel objected, the objection was overruled, and the defendant answered " Yes." The witness was then asked: " Q. That was because of this beating your wife, wasn't it? A. No, sir, no, sir." Later the defendant was asked what he was put under bonds for. The court ruled: " He [plaintiffs' counsel] can go into this alleged prosecution before a justice, I take it." The ruling was erroneous and prejudicial. Under section 350 of the Civil Practice Act, formerly section 832 of the Code of Civil Procedure, it is competent to ask a witness upon cross-examination if he has ever been convicted of a crime. The question must relate, however, to a conviction and not to a mere charge or indictment. In the case of *People* v. *Dorthy* (20 App. Div. 308; affd., 156 N. Y. 237) it was said: 'A person under our system of jurisprudence can only be convicted of a crime after a fair trial in the appointed way, where he can be fully heard in his defense, and where he can be protected by all the presumptions with which the law surrounds a defendant upon his trial for crime. A conviction upon such a trial may be properly shown to impair the credit of a witness; though it is the act of others, it is the deliberate act of the law upon a trial duly had before the court and a jury." In that case it was held to

be reversib e error for the district attorney, on the cross-examination of the defendant, to attempt to discredit his testimony by proving that he had been expelled from a church and disbarred from practicing law in this State.

In *People* v. *Morrison* (195 N. Y. 116) Judge VANN wrote: " It is well settled in this State, and it was the rule before parties were allowed to be witnesses, that a witness may not be impeached or discredited by showing on his cross-examination or in any other way that he has been indicted. An indictment is a mere accusation and raises no presumption of guilt. It is purely hearsay, for it is the conclusion or opinion of a body of men based on *ex parte* evidence. The rule applies to criminal actions as well as civil, and to all witnesses whether parties or not." It has been the law of this State since the decision in the case of *Jackson* v. *Osborn* (2 Wend. 555) that the credibility of a witness cannot be impeached by asking him if he has ever been indicted. (See, also, *People* v. *Cascone*, 185 N. Y. 317; *People* v. *Sullivan*, 34 App. Div. 544; *People* v. *Morrison*, 194 N. Y. 175.) The principle announced in the foregoing cases applies with equal force in the trial of a civil action. A proceeding to compel a person to give an undertaking to keep the peace is no more a conviction than is an indictment. (Code Crim. Proc. §§ 84–90.) In such a proceeding all that the magistrate determines is whether there is " just reason to fear the commission of the crime alleged to have been threatened." The person arrested may give an undertaking " to abide the order of the next County Court of the county, held for the trial of indictments," without a hearing or trial before the magistrate. For all that appears that may have been done in the proceeding before the magistrate referred to in the question of the plaintiffs' attorney, and in the answer of the defendant thereto. Under the facts disclosed in this record the erroneous ruling cannot be said to be harmless. In fact, it would seem to have been very prejudicial.

The order should be reversed upon the law and a new trial granted, with costs to the appellant to abide the event.

All concur, except TAYLOR, J., not voting. Present — HUBBS, P. J., CLARK, SEARS, TAYLOR and SAWYER, JJ.

Order reversed upon the law and a new trial granted, with costs to the appellant to abide the event.