Per Curiam.

The case before us is one in which it cannot be said that the evidence points overwhelmingly to defendants’ guilt of the only crime of which the jury found them guilty, viz., robbery in the first degree. Accordingly, errors made are proportionately more grave and serious and may well have improperly influenced the jury’s verdict.
As defendant Sullivan took the stand, it was proper to ask him concerning any specific acts in his career that would tend to discredit him or impeach his moral character. But such military offenses as A.W.O.L. were not per se proof of such and the military court-martial convictions admitted by Sullivan for fighting or “ assaults ” were not within contemplation of the law “ crimes ”. The reference in the charge to such court-martial offenses of defendant Sullivan as “ crimes ” was improper and prejudicial. Properly speaking, conviction for crime is ordinarily such as is found after a trial in a court of law (People v. Sullivan, 34 App. Div. 544, 548; People v. Dorthy, 20 App. Div. 308, 320, affd. 156 N. Y. 237). We think also the court erred in charging that other witnesses had no motive to testify falsely but defendants did as “ Their liberty is at stake.” The reference also to the absence of the witness Grimes —1 £ Where is Grimes?” — was clearly prejudicial, especially in view of the fact that defendants’ counsel at the close of the case had stated that he might call Grimes. There was no showing that Grimes knew at first hand anything about the alleged crime, and he was equally available to the People.
Defendant Flynn’s torn shirt was properly admitted into evidence as an exhibit; but under the circumstances it was improper to shut off defendants’ counsel from any comment and the trial court’s remark that the claimed bloodstains “ speak for themselves ’ ’ was in the context another prejudicial suggestion from the bench.
*352 The testimony of the witness McClain was crucial. The affidavits submitted on the motion for a new trial, not met by any denying affidavits by the District Attorney, indicated the falsity of some of his testimony at the trial. While the affidavits were not in themselves sufficient to justify granting a new trial, yet considered with the above errors in a case such as the one before us, we think in the interest of substantial justice that a new trial should be ordered (cf. Code Crim. Pro., § 527).
The judgment of conviction should be reversed and a new trial ordered.
Peck, P. J., Dore and Van Voorhis, JJ., concur; Glennon and Callahan, JJ., dissent and vote to affirm.
Judgment reversed and a new trial ordered.