## MINOR *a.* BUCKINGHAM.

*Supreme Court, First District ; Special Term, February,* 1859.

MOTION TO DISSOLVE INJUNCTION.—AFFIDAVIT.

An injunction was granted on the complaint alone, and the defendant moved on his answer to dissolve it. The answer was verified, not by a party, but by the attorney, by an affidavit attached to the answer, in which he stated that he was acquainted with each and every of the matters and things set forth and alleged in the answer, and that all the matters set forth in the answer were true of his own personal knowledge.

*Held,* that this was not only a verification, but should be deemed also an affidavit within the provisions of section 226 of the Code, and that the plaintiff was entitled to oppose the motion by additional affidavits.

Motion to dissolve an injunction.

The facts are stated in the opinion.

INGRAHAM, J.—The defendants move to dissolve an injunction : the injunction was granted solely upon the complaint : the defendants have filed their answer, and now move to dissolve the injunction.

If the motion was made solely upon the complaint and answer verified in the usual manner, the plaintiff could not read affidavits in opposition to the motion. This was expressly held by the general term of this district, in Blatchford *a.* The New York & New Haven Railroad Company (7 *Abbotts' Pr. R.,* 322), and in that decision I concurred.

In this case, however, the answers set up new matter as a defence, and the answers are not verified by the party, but by the attorney, who, in his affidavit attached to the answers, states that he is personally acquainted with each and every of the matters and things set forth and alleged in the answer, and that all the matters set forth in the answer are true of his own personal knowledge.

The answer, with the usual verification, is received only as denying the equities alleged in the complaint ; and for that rea-

son the plaintiff is not permitted to contradict the allegations contained in it.

In the case referred to, it is evident that the decision was made in reference to an answer verified in the usual manner. But here we have an affidavit made by the attorney, that the matters stated in the answer are within his personal knowledge, and are true. This is not only a verification of the answer as required by the Code, but it is also an affidavit containing a positive averment of the truth of all the facts contained in the answer, as fully as if made in a separate affidavit. In such a case I think this is to be regarded as an affidavit made by the attorney, as much as if he had repeated in a separate paper the matter set up in the answer. The motion is therefore made upon affidavit with the answer, and brings the case within the provisions of section 226 of the Code, which allows the plaintiff to oppose the motion by affidavits in addition to that on which the injunction was granted.

The plaintiff may, therefore, oppose this motion on affidavits; and for that purpose the same may be re-heard on notice of two days, to be given by either party.