### LEE v. McLAUGHLIN.

(*Supreme Court, General Term, Fourth Department.* January, 1889.)

ASSAULT AND BATTERY—CORRECTION OF VERDICT.
     In an action for assault and battery against three defendants a verdict was entered for the plaintiff for $25 "against each of the defendants." After the jury had been discharged, and in the absence of defendant's counsel, the minutes were changed so that the entry should read that the jury "find in favor of the plaintiff, $75." Plaintiff's attorney made affidavit that the foreman of the jury had stated that the verdict was $25 apiece against all three defendants, $75 in the aggregate; and that one of the other jurymen had said that the damages were $75, but that it was intended that each defendant should pay $25 of it. *Held*, that such a showing was insufficient to warrant the correction of the verdict, and a new trial would be awarded.

Appeal from special term, Oneida county.
Argued before FOLLETT, P. J., and MARTIN, J.
*J. S. Baker*, for appellant. *Sayles, Searle & Sayles*, for respondent.

PER CURIAM. Appeal from an order refusing to correct a verdict, or to set it aside, and the judgment entered thereon. This action was for assault and battery, which the appellant alone defended. The issues between the plaintiff and the appellant were tried, and the damages against the defendants in default were assessed at circuit before a jury, which rendered the following verdict: "We find for the plaintiff, $25 against each of the defendants,"—which was entered in the minutes by the clerk, in the presence of the attorneys for both parties, and the jury was then discharged. In an action against several defendants for assault and battery, the damages cannot be apportioned among them; and when different sums are assessed against the defendants, the plaintiff is not entitled to aggregate the sums, and enter a judgment against all found liable for the aggregate; but is entitled to enter a judgment against all of the defendants found liable, for the largest sum found against any one. *Beal* v. *Finch*, 11 N. Y. 128; *O'Shea* v. *Kirker*, 4 Bosw. 120, 8 Abb. Pr. 68; *Hoffman* v. *Schwartz*, 11 Civ. Proc. R. 200. About two hours after the jury had been discharged, in the absence of, and without notice to, the appellant's attorney, the court, upon the application of the plaintiff's attorney, directed the clerk to change the minutes, so that the entry reads: "The jury in the above cause returned into court, and say they find in favor of the plaintiff $75, and so they all say." The appeal-book does not show upon what evidence this correction was made, except it is stated in the affidavit of one of the plaintiff's attorneys that upon the court's attention being called to the verdict "the presiding justice then asked the foreman what the verdict of the jury was, and he replied, $25 apiece against all three defendants,—$75 in the aggregate. The judge then asked if they fixed

the amount of damages at $75, and he said they had.   Juror Brown then spoke, and said the damages were $75, but they (the jury) intended that each defendant should pay $25 of it."   We think the court erred in correcting the verdict in the absence of the defendant's counsel, as the defendant certainly had the right to have the testimony of all, if that of any of the jurors was to be taken, and a right to be heard.   Nor do we think the evidence that the jury intended to assess the plaintiff's damages at $75 against all or any of the defendants is sufficiently clear to justify the correction.   The weight of the evidence contained in affidavits used upon the motion is not with the plaintiff. This was a mistrial.   The order is reversed, with $10 costs and printing disbursements, and the verdict and judgment entered thereon are set aside, with $10 costs, and a new trial is granted.