MORRIS SPIEGEL, Respondent, *v.* ISAAC HAYS, Impleaded, etc., Appellant.

For the purpose of discrediting a witness who has given, material testimony in favor of the party calling him, the opposite side may, on cross-examination, show that the witness has been convicted of a crime, and of what crime, and the witness may be compelled to answer. (Penal Code, § 714.)

(Submitted November 26, 1889; decided December 10, 1889.) ·

APPEAL from judgment of the General Term of the City Court of Brooklyn entered upon an order made December 31, 1886, which affirmed a judgment in favor of plaintiff entered upon a verdict.

This was an action of replevin.

Plaintiff claimed title to the property under a bill of sale from one Samuels. Defendants sought to justify their taking under an attachment against Samuels, claiming that the sale to plaintiff was fraudulent and void as to the creditors of the vendor.

It appeared that the consideration of the sale to plaintiff was the payment and cancellation of a debt due from Samuels to him of $1,000, and the payment in cash to the latter of $372, and plaintiff's evidence was to the effect that he made the purchase in good faith; that he was not aware at the time that Samuels owed anyone else, and that he immediately took possession; also, that the amount of the consideration was about the value of the goods.

The court here held that the question of fraud was fully and fairly presented to the jury and their finding in favor of the good faith of the transaction was conclusive here.

A witness called by defendants, and who had given material testimony against plaintiff, was asked on cross-examination, after he had admitted he had been in state prison: "What were you convicted of?" This was objected to, and the witness, having appealed to the court, was told that he must answer which he did, showing that he had been convicted of a crime.

The court here say in reference to this as follows: "As section 714, Penal Code, permits that it may be shown by a cross-examination of the witness that he has been convicted of a crime, without the production of the record of his conviction, the question is simply whether a conviction of a witness, of a crime may be shown for the purpose of discrediting his evidence.

That the jury may and should give proper consideration and weight to evidence showing that the witness has committed crimes is beyond question. (*Real* v. *People*, 42 N. Y. 270–280; *People* v. *Noelke*, 94 id. 137; *People* v. *Irving*, 95 id. 541; *Ryan* v. *People*, 79 id. 598.)

The apparent conflict in some of the cases in respect to this mode of discrediting witnesses has arisen from the mode of proving the discrediting fact.

It had been held before the Penal Code, that it is not competent to show by a cross-examination of the witness himself that he had been convicted of a crime, if the objection was made that the record of the conviction is the best evidence. (*Newcomb v. Griswold*, 24 N. Y. 298; *Real v. People*, 42 id. 280.) Such objection being no longer available, you may show upon the cross-examination of the witness himself, that he has been convicted of a crime, or that he had been imprisoned upon the conviction of a crime or that he had committed a crime. (*People v. Irving*, 95 N. Y. 541; *People v. Noelke*, 94 id. 137–144; *Real v. People*, 42 id. 280.)

The courts have repeatedly held that it does not prove that a witness *has been guilty of a crime*, to prove he has been arrested upon the charge of a crime or that he has been indicted for a crime. (*People v. Crapo*, 76 N. Y. 288; *People v. Brown*, 72 id. 571; *People v. Irving*, 95 id. 544; *Smith v. Mulford*, 42 Hun, 347.)"

*Blumenstiel & Hirsch* for appellant.

*Jerry A. Wernberg* for respondent.

POTTER, J., reads for affirmance.
All concur.
Judgment affirmed.