SPENCER D. C. VAN BOKKELEN, Respondent, *v.* ROBERT H. BERDELL, Appellant.

Upon the trial of an issue of fact by a referee or by the court without a jury, a refusal to make any finding whatever upon a question of fact, where a request to find is seasonably made by either party, or a finding without any evidence tending to sustain it, is a ruling upon a question of law (Code Civ. Pro. § 993), and, when duly excepted to, serves as a notice to the respondent of an intention to raise on appeal a question of legal error and puts upon him the responsibility of adding, by amendment to the case, any omitted evidence on the question.

In an action for an accounting between partners one of the schedules of the account consisted of items claimed to have been paid by defendant for repairs to real estate ‘purchased by the firm, but title to which was taken in the name of defendant. Defendant was asked if he paid the items in said schedule ; this was excluded on plaintiff's objection. Previous to this it had been shown that the case had been tried partially before another referee, who died before the trial was completed; defendant testified that he had had vouchers for the payments made by him which had been left with the former referee; that he had been informed by the person in charge of said referee's office that they had been transmitted to the new referee, and that the latter had not been able to find them. *Held*, that the evidence was competent and its exclusion error.

Plaintiff was asked and permitted to answer under objection and exception, as to what facts were shown upon the trial before the former referee. He testified the facts shown were that defendant made a mortgage on said real estate, which was not recorded for a long time after. *Held*, that the evidence was incompetent, as it was plaintiff's conclusion as to what was proved before the former referee; that it was important, as it tended to show that defendant had encumbered the property, and so the error required a reversal.

While a witness may be discredited by showing his conviction for an offense, it is not competent to discredit him by showing simply that he has been indicted.

(Argued October 12, 1891; decided December 1, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 12, 1888, which affirmed a judgment in favor of plaintiff entered upon the report of a referee, to whom the

case had been referred, to take and state an account upon an interlocutory judgment.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Philip L. Wilson* for appellant. It was the duty of the respondent to see that all the testimony was in this case necessary to sustain the findings of fact of the referee. (*Perkins* v. *Hill*, 56 N. Y. 87; *Spence* v. *Chambers*, 39 Hun, 193; *Porter* v. *Smith*, 35 id. 118.)

*Wm. W. Niles* for respondent. An error in the admission or exclusion of evidence, or in any other ruling or direction of the judge, upon the trial, may, in the discretion of the court which reviews it, be disregarded if that court is of opinion that substantial justice does not require that a new trial should be granted. (Code Civ. Pro. § 1003; *Church* v. *Kidd*, 3 Hun, 254; *Flack* v. *Vil. Green Island*, 122 N. Y. 107.) The rule as to entries is: "If a party uses books of account against his adversary, the whole relating to the same matter is admissible." (*Pendleton* v. *Weid*, 17 N. Y. 76; *Garvey* v. *Nicholson*, 24 Wend. 353; *Rouse* v. *Whited*, 25 N. Y. 173.)

HAIGHT, J. Under a stipulation of the parties the interlocutory judgment is to stand, and the only questions brought up for review pertain to the accounting thereunder.

It appears that the plaintiff and defendant were copartners doing business under the firm name of Robert H. Berdell & Co.; that they dissolved on the 30th day of September, 1858, each signing the following statement entered in the books of the company: "The undersigned have this day dissolved partnership by consent; either party will sign in settlement. Store and office furniture and fixtures, books of account, papers, etc., to be the property of Robert H. Berdell. New York, September 30, 1858."

It appears that, during the continuance of the copartnership, certain real estate had been acquired by the company, the title

of which was taken in the name of the defendant, for which in the interlocutory judgment he was ordered to account for the rents, issues and profits, after being credited with all amounts paid in relation thereto.

It further appears that upon the house and lot known as 96 Dean street there was a mortgage for twenty-five hundred dollars, and upon the ten lots known as the Perry lots there was a mortgage for $3,300. The defendant testified that both of these mortgages had been paid by him, and he was corroborated in this statement by the testimony of Mr. Middleton, who held the twenty-five hundred dollar mortgage, and by the production of his check book and satisfaction pieces. There is no pretense that the mortgages were paid by the plaintiff or by any person other than the defendant. It is suggested that the defendant has encumbered the premises with another mortgage, but whether the same has been paid or is now a lien upon the premises does not appear. If he has encumbered the premises by another mortgage, the plaintiff may be entitled to relief in reference thereto, but we do not understand that that fact would deprive the defendant of his right to be credited with the amount paid in satisfaction of the previous existing mortgages. The referee, on request, refused to find that either of these mortgages had been paid.

It is suggested that there is no certificate that the case contains all of the evidence. But upon the trial of an issue of fact by a referee or by the court without a jury, a refusal to make any finding whatever upon a question of fact where a request to find thereupon is seasonably made by either party, or a finding without any evidence tending to sustain it, is a ruling upon a question of law. (Code C. P. § 993.) And a ruling upon a question of law duly excepted to, serves as a notice to the respondent of an intention to raise a question of legal error, and puts upon him the responsibility of adding by amendment any omitted evidence on the question. (*Halpin* v. *Phenix Ins. Co.*, 118 N. Y. 165.)

The appellant, however, has neglected to take an exception to the refusal of the referee to find that these mortgages

were paid. The exception taken is to the finding of the referee that the defendant had paid upon the Dean street house for interest, taxes, premium insurance, moving factory and repairs the sum of $2,101.70, on the ground "that said finding does not embrace all the payments made on said property by the defendant to the credit of which he is entitled, and on the ground that said finding is too general and should specify what payments are embraced therein." A similar exception was also taken to the finding that was made in reference to the Perry lots. Whether these exceptions are sufficiently specific to raise the question for review in this court we shall not stop to consider, for there are other exceptions upon which we prefer to rest our decision.

The referee appears to have tried the case upon the erroneous theory that the defendant's testimony was not competent for the purpose of proving items of payments, upwards of twenty dollars in amount, unless he first produced a voucher therefor or other evidence of payment. Upon this theory very much of his evidence was ruled out. As to many of the payments which he claimed to have made upon the premises he was able to produce other evidence, and then his testimony appears to have been admitted, but as to some of the payments claimed by him to have been made he was unable to furnish other testimony, and was consequently compelled to submit the case without evidence as to such payments.

Schedule D of defendant's account as rendered was for items of repair upon the premises during the years 1863, 1864, 1865 and 1866. He was asked if he paid the items embraced in this schedule to Mr. Skinner. The plaintiff objected, the objection was sustained, and an exception was taken. It appeared that Skinner was in his employ as agent, and that he paid him for taking care of the premises and making repairs thereon. The defendant subsequently testified to making a number of the payments embraced in this schedule, but that evidence was, upon the motion of the plaintiff's attorney, stricken out by the referee. The case had been partially tried before Lawrence, another referee, who had died before the

conclusion of the trial. The defendant had testified that he had vouchers for payments made and that they were left with the former referee ; that he had been to his office to get them, and was informed by the person in charge that they had been transmitted to the new referee ; that he had not since been able to find them. It appears to us that the evidence was competent and should have been received.

The plaintiff, in giving his testimony, was called upon to state what facts were shown upon the trial before Referee Lawrence. This was objected to by the defendant, as incompetent, the objection was overruled and an exception was taken. The witness answered that the facts shown were that the defendant made a mortgage on the property in favor of S. C. Parkhurst ; that the mortgage was not put on file for a long time after, etc. It appears to us that this evidence was incompetent. The plaintiff was thus permitted to give his conclusions as to what had been shown upon a former trial before another referee. The evidence given was important, for it tended to show that the defendant had encumbered the property with a mortgage other than those existing at the time the property was purchased.

The defendant, upon his cross-examination, was asked if he was under indictment for perjury. This question was objected to, the objection was overruled and an exception taken. He was compelled to answer that he had been told so but that he had not seen the papers. Whilst a witness may be discredited by showing his conviction for an offense, we do not understand it to be competent to discredit him by showing that he has been indicted. (*People* v. *Crapo*, 76 N. Y. 288 ; *Ryan* v. *People*, 79 id. 593 ; *People* v. *Noelke*, 94 id. 137-144 ; *People* v. *Irving*, 95 id. 541-544.)

The rules of evidence in civil cases are applicable also in criminal cases, except as otherwise provided by law. (Code Criminal Procedure, § 392 ; *Kober* v. *Miller*, 38 Hun, 184.)

The appellant claims that he should have been allowed for a balance due him upon account as shown by the books at the time of the dissolution of the copartnership ; that he also

should be allowed for water taxes paid, but we have not thought it necessary to consider these or the other questions raised, for upon a new trial further evidence may be given.

The final judgment entered upon the interlocutory judgment should be reversed, and a new accounting had as provided for in the interlocutory judgment, with costs to abide the final award of costs.

All concur.

Judgment accordingly.