MEISHLAN v. ENGLEHARDT et al.

(Common Pleas of New York City and County, General Term.    January 16, 1893.)

1. APPEAL—REVIEW OF ERRORS OF FACT—SUFFICIENCY OF CASE.
    To review an error of fact, the case must purport to contain all the evidence.
2. SAME—REVIEW OF ERRORS OF LAW.
    To review an error of law, such certificate is unnecessary.
(Syllabus by the Court.)

Appeal from city court, general term.

Action by George T. Meishlan against Adam J. Englehardt and William H. Markgraf.    From a judgment of the general term of the city court (20 N. Y. Supp. 900) affirming a judgment on a verdict, and from an order affirming an order denying a new trial, defendants appeal.    Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Gibson Putzel, for appellants.
Malcolm Campbell, for respondent.

PRYOR, J.    Counsel for the respondent objects to a consideration of the alleged error of the court below, in denying a motion to dismiss the complaint for defect of proof, on the ground that the case does not purport to contain all the evidence.    As the rule of practice upon the point appears to be in doubt among the profession, it may not be amiss so to restate it as to avert the possibility of misapprehension.    Under the former Code, an exception to a finding of fact was notice to the respondent that his adversary intended to assail the finding as erroneous; and, if any proof necessary to sustain it was omitted from the case, it became the duty of the respondent to supply it.    Hence, on appeal, the presumption was that the case contained all the evidence bearing on the question sought to be presented.    But since, under the Code of Civil Procedure, an exception to a finding of fact by the court or a referee is not allowable, the respondent gets no warning of an intention to review questions of fact, unless the case certifies that it contains all the evidence. Otherwise, however, as to questions of law.    They are the subject of exception, and such exception itself imports notice to the respondent

that the error of law will be challenged on appeal.   Hence all the evidence bearing on the alleged error will be assumed to be incorporated in the case.   Porter v. Smith, 107 N. Y. 531, 14 N. E. Rep. 446; Aldridge v. Aldridge, 120 N. Y. 614, 24 N. E. Rep. 1022.   Now, a finding of fact, without evidence to support it, is error of law; and so, on appeal, the presumption is that the case contains all the evidence affecting such error, and it may be reviewed without a certificate as to the completeness of the evidence.   Halpin v. Insurance Co., 118 N. Y. 165, 23 N. E. Rep. 482; Van Bokkelen v. Berdell, 130 N. Y. 141, 29 N. E. Rep. 254; Spence v. Chambers, 39 Hun, 193.   The cases cited were trials by the court or a referee; but the reason of the rule is equally applicable to a trial by jury, and accordingly the rule is prevalent in such trial.   Cheney v. Railroad Co., 16 Hun, 415; Cornish v. Graff, 36 Hun, 160; Arnstein v. Haulenbeek, (Com. Pl. N. Y.) 11 N. Y. Supp. 701.   It follows, therefore, that the exception in the case at bar to the denial of the motion to dismiss the complaint for defect of proof presents the alleged error for review, notwithstanding the absence of a certificate that the record presents all the evidence.

It is unnecessary to review the evidence in detail.   It is enough to say that although, on a critical examination, we find the proof of plaintiff's case by no means satisfactory, yet, as the evidence appears sufficient to support the verdict, we have no alternative but to affirm the judgment. Bickart v. Hoffmann, (Com. Pl. N. Y.) 19 N. Y. Supp. 472.   Judgment and order affirmed, with costs.   All concur.