Hatch, J.
The action was brought to recover damages for breach of contract. Plaintiff gave evidence .tending to establish that defendant undertook and agreed for a certain price to make over, refashion, and fit for her a sealskin cloak, and that he had failed to fulfill the contract in several particulars, among which was that the coat, when finished and tendered as complete by defendant, would not fit plaintiff, and she was unable to put it on her person, or-wear it. Defendant’s evidence controverted plaintiff’s position in this regard, and this question was submitted to the jury for determination by the court. The defendant also claimed to recover a balance of the contract price which remained unpaid. When the jury retired, they were directed by the court to bring in a sealed verdict, which they clid, saying therein that they found a verdict for the defendant, without specifying in what amount. Thereupon the court directed the jury to retire, and specify whether the verdict was one of no cause of action or for a sum due for repairing the cloak. . The jury retired, and again came into court, and rendered a verdict in these words : “We find a verdict for the defendant for the amount of $75, with interest, and that the defendant will fit the coat properly for the plaintiff.” The court, upon its own motion, directed the verdict to be entered for the defendant for $75, and struck out the remainder as surplus-age. Plaintiff’s counsel excepted to this change of the verdict, and now contends that error was committed by the court therein. I am brought to the conviction that his contention in this regard must be upheld. No doubt exists but that the court can, where the intentions of a jury are clear, and the verdict free from ambiguity, correct it by putting it in form to express clearly its intent and meaning. Such are the cases of Brigg v. Hilton, 99 N. Y. 517; Hodgkins v. Mead, 119 N. Y. 166; 28 St. Rep. 950. But the rule extends no further, and furnishes no authority to the court for adding to or subtracting from it in matter of substance. In the present case the sharply-contested issue was that defendant had not fulfilled his contract, and one of the 'particulars was that the coat would not" fit, and could not be worn by plaintiff. / Before defendant was entitled to recover at all, he was required to fulfill his contract in this respect, the same as in every other. The finding can be construed to mean that -he must comply with his contract, and fit the cloak properly, and it was only upon such contingency that he was entitled to recover anything. When the jury found that defendant must do this thing, it found upon a substantial issue, and by directing that he do this the inference can plainly arise that he had not fulfilled his contract; and, if this be so, then he was not entitled to a verdict for the amount which the court directed entered, as that was conditional upon the fulfillment by him of his contract. Under these circumstances it became the duty of the court to instruct the jury therein, and direct them to retire and make up a proper verdict. Warner v. N. Y. C. Railroad Co., 52 N. Y. 437; Hatch v. Attrill, 118 N. Y. 389 ; 29 St. Rep. 14. This case is quite like the case of Hertzberg v. Murray, 40 N. Y. Super. Ct. 271, where the jury attempted to make an equitable disposition of the rights of the parties, and *173 where the court, as here, attempted to correct the finding. The court held it could not be done, and the same result must be reached here. There has been a mistrial of this case, with the result that it must be retried. Lee v. Mc Laughlin, 4 N. Y. Supp. 742.
It may be" conceded that error was committed in permitting questions respecting the arrest and indictment of Raynor for the purpose of affecting his credibility, but this was followed up by showing conviction upon his plea of guilty, which cured the error, if any was committed, as this was clearly competent. Pen. Code, § 714; People v. Noelke, 94 N. Y 137. The same rule applies in civil as in criminal cases. Van Bokkelen v. Berdell, 130 N. Y. 145; 41 St. Rep. 312. But, for the error already noted, the motion for a new trial is granted, and a new trial ordered ; costs to abide the event.
Motion granted, and new trial ordered ; costs to abide event.