(25 Misc. Rep. 171.)

### WALLACH et al. v. KALCCHEIM.

(Supreme Court, Appellate Term. November 10, 1898.)

CROSS-EXAMINATION—HOSTILITY OF WITNESS.

> Where the purpose on cross-examination is to show that the witness is hostile to the opposite party, and not to impeach his general character, he may be asked whether such party had not had him arrested for a crime, and taken to the police court; and this though no conviction followed, but such evidence should be strictly limited to this purpose, and should be considered by the jury for such purpose only.

Appeal from municipal court, borough of Manhattan, Ninth district.

Action by Jacob and Samuel Wallach against Dora Kalccheim. There was a judgment for plaintiffs, and defendant appeals. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Ignace I. Apfel and Emanuel Hertz, for appellant.

Oscar J. Hochstadter, for respondents.

BEEKMAN, P. J. The plaintiffs seek to recover the amount of certain damages suffered by them by reason of injuries to their property, which they allege were occasioned by the negligence of defendant's servant, one Borgernicht, while engaged in the performance of his duties as such. The defendant, by her answer, put in issue all of the allegations of the complaint; so that it became necessary for the plaintiffs to establish the fact that the relation of master and

servant existed between the defendant and Borgernicht.   The latter was called as a witness by the plaintiffs, and his evidence was so freely given, and was so injurious to the defendant, that her counsel endeavored to show upon his cross-examination that he was a hostile witness.   To that end, he was asked whether the defendant had not caused his arrest for larceny, and also whether he had not been arrested and taken to a police court upon a charge made by the defendant against him.   The plaintiffs' counsel objected generally to these questions, and his objections were sustained.   We think that this was error, for which the judgment must be reversed.   It is true that, where the object of such an inquiry is to impeach the general character of a witness, evidence merely of the fact that he has been charged with the commission of a crime is not admissible; there must be proof of a conviction.   Van Bokkelen v. Berdell, 130 N. Y. 141, 145, 29 N. E. 254.   If that had been the sole purpose of the questions that were so asked, the ruling of the trial justice would not be open to criticism; but it is plain from the very form of the inquiry that the object of defendant's counsel was to show the existence of relations between the witness and the defendant which would justify the assumption that the witness was a hostile one,—a fact which it was undoubtedly the right of the defendant to elicit if she could.   As the proof offered tended to establish that fact, it was on that ground pertinent and admissible.   Such evidence, however, should be strictly limited to this aspect of the matter, and it should be made clear to the jury that it should be considered by them as affecting the evidence of the witness solely on the ground on which we have held it should have been admitted.   In view of the conclusion to which we have come, which necessitates a new trial, it is unnecessary for us to consider the other exceptions in the case.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.   All concur.