WILLSON v. EVELINE.

(Supreme Court, Appellate Division, Third Department. November 29, 1898.)

IMPEACHMENT OF WITNESS.
    A witness cannot be discredited by proof of his having been indicted
for a crime.

Appeal from trial term.

Action by Mordecai M. Willson against Mary S. Eveline. There
was a judgment for plaintiff, and defendant appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, MER-
WIN, and PUTNAM, JJ.

J. W. Atkinson, for appellant.
Thomas O'Connor, for respondent.

HERRICK, J. There is a conflict of evidence in this case, and
the court, in presenting it to the jury, said, "There is a serious ques-
tion of veracity in the case, which you will have to settle." There
was a sharp conflict between the plaintiff, one of his witnesses, and
the defendant, and anything tending to impair the confidence of
the jury in either thus became very important, and, possibly, de-
cisive of the case. Upon the trial the plaintiff offered in evidence
an indictment charging the defendant with assault in the third
degree. Its admission was objected and excepted to by the defend-
ant. While it has been repeatedly held that the mere finding of
an indictment is not proof of the defendant's guilt, because the law
presumes one innocent until he has been convicted, and while it

has also been held that, as matter of law, it is no impeachment of his morality or veracity, still it is a matter that is calculated to impair the confidence of the jury in the character of the person charged, and, in a closely-contested case, I can scarcely see how it is possible that the party against whom it is offered should not be injured by its reception in evidence. Its only effect can be to discredit the person charged; and, while a witness may be discredited by showing his conviction of a crime, he cannot be by merely showing that he has been indicted, and evidence to that effect is improper. Van Bokkelen v. Berdell, 130 N. Y. 141–145, 29 N. E. 254, and cases cited.

Without discussing the other questions raised in the case, but for the error stated, the judgment should be reversed, and a new trial granted; costs to abide the event. All concur.