Barrett, Rumsey, O'Brien and Ingraham, JJ., concurred.

Order reversed, with costs, and motion denied, with costs.

---

Stephen D. Hirschman, Respondent, *v.* Jacob Cohn and Jennie Hein, Appellants, Impleaded with Emanuel M. Hein.

*A witness may not be discredited merely by showing that he has been indicted.*

Where the defense of usury, interposed in an action upon a promissory note, depends almost entirely upon the testimony of one of the defendants, the fact that he was required, upon his cross-examination, to state that he was the person described in an indictment exhibited to him by the plaintiff's counsel, and

that it was found upon the complaint of his former employer, requires the reversal of a judgment entered upon a verdict in favor of the plaintiff.

The fact that the indictment was not read in evidence, and that the witness subsequently remarked that he did not state that he had ever been indicted, is immaterial.

APPEAL by the defendants, Jacob Cohn and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 29th day of June, 1898, upon the verdict of a jury; also from an order entered in said clerk's office on the 23d day of June, 1898, denying the defendants' motion for a new trial made upon the minutes, and also from an order entered in said clerk's office on the 29th day of June, 1898, granting the plaintiff an extra allowance.

*Mark Cohn,* for the appellants.

*David Bandler,* for the respondent.

PATTERSON, J.:

The judgment in this action must be reversed for an error in the admission of evidence, affecting the credibility of the witness, upon whose testimony the establishment of the defense almost entirely depended. The action was against the defendant Cohn, the maker, and the defendants Emanuel Hein and Jennie Hein (copartners), the indorsers of a promissory note for $5,000, payable four months after its date. It was in evidence that this note was discounted by the plaintiff. Cohn and Jennie Hein answered. Emanuel Hein was not served with process. The defense was usury. On the trial the affirmative was taken by the defendant, and Emanuel Hein was called as a witness to prove the alleged usury. It was he who negotiated the transaction with the plaintiff. He swore that an agreement was made by which he was to procure a note from Cohn, which was to be indorsed in the firm name of Hein & Co., and that the plaintiff was to discount it, as he had discounted previous notes, at the rate of seven per cent, and that the note was so discounted, the plaintiff retaining from the amount of the note interest at the rate of seven instead of six per cent. Hein also testified that in completion of the transaction he received from the plaintiff three checks on the 3d of June, 1895,

one for $883.33, dated June 1, 1895, which he exchanged, on June third or fourth, with one Isaacs; another, dated June 1, 1895, for $2,500, which he gave to Isaacs in part payment of an antecedent indebtedness, and another, dated June 4, 1895, for $1,500, which he sent to Albany to the defendant Jennie Hein on June third. The aggregate of these checks being deducted from $5,000, the face of the note, would show that Hein was given $16.67 less than the proper avails of a note for $5,000 at four months, discounted at the rate of six per cent. The testimony of this witness directly established, if the jury believed it, a corrupt agreement for usury. The position of the plaintiff, upon the facts of the case, was that on the first of June the plaintiff advanced to Emanuel Hein, for Hein & Co., a check for $883.33, and also a $2,500 check. That thereafter, and on June third, Hein for the first time produced the note of Cohn, which the plaintiff then agreed to take at six per cent, applying thereon the checks already given and the $1,500 check, and paying in money to Hein $16.67. All the proof in the case respecting an agreement to take more than lawful interest was made by the testimony of Hein on the one hand and the plaintiff on the other. It was for the jury to say which of these persons they would believe.

It was, of course, competent for the plaintiff to impeach the witness Hein, but the method resorted to was improper. Hein had testified that at one time he had been in the employ of Bloch & Co., and on his cross-examination he was asked by the plaintiff's counsel: " Q. Are you the Emanuel M. Hein described in the indictment that I hold in my hand [indicating paper] entitled 'The People against Emanuel M. Hein,' at the complaint of Louis Bloch, of 41 Great Jones Street? [Objected to as incompetent, improper, immaterial, irrelevant, inadmissible for any purpose whatever. Objection overruled; exception.] A. Yes, sir. Q. And the Mr. Bloch mentioned there as the complainant in this indictment was your employer that you spoke of when you spoke of the firm of Bloch & Co., by whom you were employed as salesman? [The objection was repeated, the same ruling was made and exception taken.] A. Yes, sir." The plaintiff's counsel then asked that the indictment be marked for identification. The witness subsequently said, "I

did not state that I was ever indicted." This mode of attacking the credibility of a witness has been condemned time and again. The fate of the case upon the nature of the agreement as to the discount depended upon the acceptance or rejection by the jury of the statement of this witness, and here was a deliberate attempt to get before the jury that which would naturally prejudice them against the witness, namely, the fact that an indictment had been found against him by the grand jury on the complaint of a person who had employed him. That the indictment was not read in evidence can make no difference, and that the defendant subsequently remarked that he did not state that he was ever indicted cannot affect the question. He had been compelled to answer that he was the person named in the indictment which counsel declared he held in his hand, which indictment was against him, Emanuel M. Hein, and was found at the complaint of Louis Bloch, who had been his employer. It is unnecessary to say anything further upon this subject than to quote from the case of *Van Bokkelen* v. *Berdell* (130 N. Y. 145): "The defendant, upon his cross-examination, was asked if he was under indictment for perjury. This question was objected to, the objection was overruled and an exception taken. He was compelled to answer that he had been told so, but that he had not seen the papers. Whilst a witness may be discredited by showing his conviction for an offense, we do not understand it to be competent to discredit him by showing that he has been indicted. (*People* v. *Crapo*, 76 N. Y. 288; *Ryan* v. *People*, 79 id. 593; *People* v. *Noelke*, 94 id. 137–144; *People* v. *Irving*, 95 id. 541–544.)"

The judgment and order must be reversed and a new trial ordered, with costs to appellants to abide the event.

VAN BRUNT, P. J., BARRETT, RUMSEY and INGRAHAM, JJ., concurred.

Judgment and order reversed, new trial ordered, costs to appellants to abide event.