(28 Misc. Rep. 437.)

### MAHONEY v. O'NEILL.

#### (City Court of New York, General Term.   July 3, 1899.)

1. FRAUDULENT REPRESENTATIONS—SALE OF PROPERTY—RIGHT OF ACTION.
   Where plaintiff is induced to buy stock in a certain corporation by the
   vice president, through representations as to its dividends, and its safety
   as an investment, which, if not fraudulently intended, were false in law
   and in fact, and known by defendant to be so, plaintiff is entitled to recover
   damages incurred, where shortly thereafter the corporation is dissolved,
   and the assets amount to 45 per cent. of the par value of the stock.

2. SAME—DAMAGES.
   Where plaintiff is induced, by fraudulent representations, to purchase
   stock in a corporation, and, on dissolution of the corporation, the assets
   pay only 45 per cent. of the par value of the stock, plaintiff is entitled to
   recover the difference between the amount paid for the stock and his dis-
   tributive share.

3. SAME—WAIVER.
   Where plaintiff is induced to purchase stock in a corporation by false
   representations of the vice president, he does not waive his right to recover
   damages of the vice president by exercising his rights as a stockholder,
   and by voting in favor of a motion to dissolve the corporation.

Appeal from special term.

Action by William H. Mahoney against James O'Neill. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before SCHUCHMAN and HASCALL, JJ.

Asa A. Alling, for appellant.

Gilbert D. Lamb, for respondent.

HASCALL, J. Defendant appeals from a judgment for $2,119.02, the result of a verdict of the jury, and also from the usual order denying his motion for a new trial upon the minutes. Plaintiff was a salesman in the store of dry-goods merchants in this city. Defendant was a stockholder and manager of a corporation called the "Dry-Goods Commission Company." Plaintiff claims that defendant induced him to invest in the stock of such company through representations concerning its history, its profits, its payments of dividend, its outstanding stock, and its safety as an investment, which were untrue, and that thereby plaintiff's money was lost to him. It appears that respondent paid in his money for the stock under an added inducement, viz. that he should be employed as salesman by the corporation of which appellant was vice president; and the testimony shows that, subsequent to the purchase of his stock, plaintiff went out upon the road as such salesman, and was away from the city of New York practically all the time, for 15 months, disposing of goods for the company, during which time he had no opportunity to ascertain the true condition of the affairs of the corporation. It is in evidence that, at the time the defendant obtained the subscription to stock and payment of plaintiff's money thereon, he himself was drawing a salary of $1,000 per month. This was subsequently reduced to $5,000 per year, upon complaint of the shareholders. Afterwards, the stockholders, disliking appellant's mismanagement, concluded to wind up the company, and in March, 1894, this was done, and distribution was made of the net proceeds or assets applicable to distribution, which showed but 45 per cent. of par value of the stock outstanding. This was conceded to be its actual value. Plaintiff insisted that he should have payment in full, and, that being demanded and refused, he declined to surrender his certificate of stock, and brought suit against the company for damages; but in that suit the defendant in this action, as a managing officer, having for the corporation denied, in its answer, any authority to represent the company upon sale of its stock, plaintiff elected, upon receipt of such answer, to abandon that action, and to sue the defendant herein personally in the case at bar. It appears that plaintiff invested $2,500 in the stock on the strength of defendant's statements as to actual value, liabilities, volumes of business, prospects, etc., and that such statements were not mere opinions, for which respondent had applied. Upon the trial, it being shown that plaintiff's pro rata share of the company's assets under distribution was $1,125, the jury awarded him simple indemnification for actual loss, being the difference between the amount paid in and such distributive share; that is,

$1,375. To this they added interest down to the time of the trial, $536.25; making a total verdict of $1,911.25.

Respondent relies upon the solemnity of the charge against defendant, and the abundant evidence to sustain the same, with great confidence. He asseverates that the representations made by appellant, if not fraudulently intended, were, at least, false in law and fact, known by defendant so to be, and were the moving cause or inducement for the respondent to change his business position and relations, to agree to make his investment, and to part with his money. We find that the evidence amply justifies the allegations and claims of the respondent. Appellant was certainly in a position where he could, without effort or application for corroboration to any one in the community, succeed in obtaining subscriptions to the stock of the corporation in which he was interested. We think the decision of the jury as to the amount of damage recoverable was quite right, and that the charge made by the court, before submission, as to the measure of damages, was correct.

Claim is made that plaintiff waived his right to damages by continuing with the company after he had learned the true condition of its affairs by the resolution of January, 1894, looking to dissolution; thus affirming its contracts, and exercising his rights as a stockholder, by voting in favor of the motion to dissolve. This point is not well taken, for it was respondent's right to elect his remedy, concerning the loss to which he had been subjected. He was permitted to retain what he had received upon distribution, and bring his action for damages. The measure of such damages was properly stated by the learned court below, and we find that plaintiff's rights were not prejudiced by his own acts, so far as this present cause is concerned (Genet v. Canal Co., 28 App. Div. 332, 52 N. Y. Supp. 1142; Pryor v. Foster, 130 N. Y. 171, 29 N. E. 123; Yeomans v. Bell, 151 N. Y. 234, 45 N. E. 552; Krumm v. Beach, 96 N. Y. 398), and the appellant surely had his day before the jury. We find, without further specification of objection in appellant's points concerning evidence received as to intent of defendant, as to the allowance of interest, as to defendant's exceptions to rulings, requests to charge, etc., that no errors calling for reversal were made by either the court in instruction upon the law, or the jury in fixing the facts, and that the judgment and order appealed from should be affirmed, with costs.

SCHUCHMAN, J., concurs.