the answer to the precept in the municipal court is the denial of the allegation that the plaintiffs are the executors of, and trustees under, the last will and testament of Morgan Jones, deceased. . The allegation in the petition to this effect was not denied in the answer in the municipal court, and consequently that issue cannot be raised in the new action brought in the supreme court.

The order appealed from should therefore be modified by striking out that denial of the answer, and as modified affirmed, without costs to either party. All concur.

---

(29 Misc. Rep. 619.)

## MAHONEY v. O'NEIL.

(Supreme Court, Appellate Term. November 29, 1899.)

1. APPEAL FROM CITY COURT—REVIEW—EVIDENCE.
　　On an appeal from the city court of New York the weight of evidence cannot be considered.

2. FRAUD—SALE OF CORPORATE STOCK—MEASURE OF DAMAGES.
　　In an action to recover for fraudulent representations, in a sale of corporate stock, as to its value, the measure of damages is the difference between its real value at the time of the sale and the price paid.

Appeal from trial term.

Action by William Mahoney against James O'Neil. A judgment for plaintiff and an order denying a new trial were affirmed by the city court of New York (59 N. Y. Supp. 378), and defendant appeals. Reversed, and new trial ordered.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Asa A. Alling, for appellant.
Lamb, Orsborne & Petty, for respondent.

FREEDMAN, P. J. This action was brought by the plaintiff to recover damages for false and fraudulent representations alleged to have been made by the defendant to the plaintiff to induce him to purchase 50 shares of stock of the Dry-Goods Commission Company, a corporation organized under the laws of the state of New Jersey. Upon appeals to this court from judgments of the city court the weight of evidence cannot be considered. Bogan v. Wright, 22 Misc. Rep. 94, 48 N. Y. Supp. 546; Kreizer v. Allaire, 16 Misc. Rep. 6, 37 N. Y. Supp. 687; Railroad Co. v. Ebling, 100 N. Y. 98, 2 N. E. 878.

The only questions to be determined by this court are those of law arising upon exceptions duly taken. Our attention has been specially called by the appellant herein to this. In his charge to the jury the trial judge used this language:

"If you believe the plaintiff's statement, and that you find for him, the amount of damages he sustained will be the difference between what he paid for the stock, viz. $2,500, and what it brought in cash when this company was wound up; and from the testimony we find that difference would be $1,-375, to which sum the plaintiff would be entitled if you find a verdict for him."

To this instruction the defendant's counsel excepted. The court then said:

"I don't see any other guide. The plaintiff brought the stock in a corporation, and held it until the corporation was wound up. There was no measure of damages, that I can see, except as to what was paid for the stock and what it was worth when the company was wound up."

Subsequently the defendant's counsel again asked the court to charge the jury:

"That, if the jury find that the plaintiff is entitled to recover, the measure of damages, if any, is the difference between the actual value of the stock when the plaintiff bought it and what he paid for it."

To which request the court said:

"Yes, if it was as represented. There is no proof what stock in a company like that would be worth then, and therefore I decline to apply any other rule of damages than that laid down."

To which the defendant's counsel excepted.

This instruction to the jury and refusal to charge as requested was error. Prior to these requests to charge made by the defendant's counsel, the court had referred to the damages in substantially the same language, and the rule thus laid down by the court was clearly incorrect, and not the true measure of damages in actions of this nature. "The measure of damages in such a case is the difference in value of the stock as the condition of the company issuing it really was and as the purchaser was fraudulently induced to believe it was." Hubbell v. Meigs, 50 N. Y. 480. "It is the value at the time the fraud was committed which measures the liability of the person who committed the fraud." Haight v. Hayt, 19 N. Y. 471. This rule is too well settled to need extended citations in its support. The jury in the case at bar rendered a judgment in favor of the plaintiff for the exact amount referred to in the judge's charge as being the measure of damages. As the judgment must, for this reason, be reversed, it is unnecessary to consider the other points raised by the appellant.

Judgment of the general and trial terms of the city court reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.

