(35 Misc. Rep. 196.)

### MARKGRAF v. KLINGE.

(City Court of New York, General Term. May, 1901.)

WITNESS—CROSS-EXAMINATION.
     The extent of disparaging questions to defendant on cross-examination, whether relevant to the issue or affecting his credibility, is within the discretion of the trial court.

Appeal from trial term.

Action by George Markgraf against Charles H. Klinge. Judgment for plaintiff and defendant appeals. Affirmed.

Argued before FITZSIMONS, C. J., and SCHUCHMAN and DELEHANTY, JJ.

Olney & Comstock (Leslie Richard Palmer, of counsel), for appellant.

James P. Niemann, for respondent.

DELEHANTY, J. This action was brought to recover the sum of $850, the balance due on four promissory notes made by the defendant to the plaintiff. The original liability of the defendant for the amount sued for was admitted, but it was claimed, on his part, that he had paid $750 on account of the $850, leaving a balance of only $100 due. The defendant, while a witness on the stand, was asked on cross-examination the following question: "Q. Have you had any trouble lately about the transfer of some property that was made to you, and that it was claimed you held fraudu-

lently?" This question was objected to, but the objection was overruled, and an exception duly taken, and the witness answered, "Yes, sir." This is now assigned as error, and a reason why the judgment in favor of plaintiff should be reversed. Upon his redirect examination the defendant was given the fullest opportunity by the trial justice to explain the transaction involved in the question objected to, and did so by stating that the suit in which he was charged with fraud was withdrawn, and that the plaintiff therein declared he had no cause of action. Can it be said, then, that he was discredited or in any way harmed by the question objected to? While the purpose of this question was concededly to affect the defendant's credibility, his subsequent explanation of the transaction in question rendered it innocuous, and cured the error, if any was committed. Donahue v. Wippert, 7 Misc. Rep. 506, 28 N. Y. Supp. 495. I am of the opinion, however, that the question itself was unobjectionable. It has been held by a long line of decisions that disparaging questions put to a defendant must either be relevant to the issue on trial, or such as tend to affect his credibility as a witness (People v. Noelke, 94 N. Y. 143, 46 Am. Rep. 128, and cases there cited), and that the range and extent of such an examination is within the discretion of the trial judge. This rule applies in civil as in criminal cases. Van Bokkelen v. Berdell, 130 N. Y. 145, 29 N. E. 254. It is not claimed here that there has been an abuse of judicial discretion.

For the reasons stated, I am of the opinion that the judgment and order appealed from should be affirmed, with costs.

Judgment and order affirmed, with costs.