(36 Misc. Rep. 167.)

### MARKGRAF v. KLINGE.

(Supreme Court, Appellate Term. October, 1901.)

HARMLESS ERROR.

 In an action to recover on an indebtedness, where the question at issue was as to whether defendant had paid a portion of the claim, a question asked defendant on cross-examination, whether he had any trouble about the transfer of property to him, and which it was claimed he held fraudulently, though erroneous, and though the answer thereto was inadmissible, is no ground for reversal, where defendant's counsel subsequently proved that such charge, though made, was withdrawn.

Appeal from city court of New York, general term.

Action by George Markgraf against Charles H. Klinge. From a judgment of the general term (71 N. Y. Supp. 590) affirming a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and McADAM and GILDERSLEEVE, JJ.

Olney & Comstock (Leslie Richard Parker, of counsel), for appellant.

James P. Niemann, for respondent.

McADAM, J. The original liability of the defendant on the four promissory notes sued upon was conceded, and the sole issue was whether he had paid $750 on account of the $850 sued for. The jury found against the defendant, and, their finding having been approved by the general term, their verdict has conclusively settled the facts in favor of the plaintiff, so far as this court is concerned. Mahoney v. O'Neill, 29 Misc. Rep. 619, 620, 61 N. Y. Supp. 69. But one exception requires consideration, and that is to the overruling of the objection of the defendant's counsel to the following question put to the defendant upon cross-examination: "Q. Have you had any trouble lately about the transfer of some property that was made to you, and that it was claimed you held fraudulently?" The plaintiff avowed that the question was put to affect the credibility of the witness, and the point is whether it was admissible for that purpose. In Abb. Tr. Brief, "Civil Jury Trials," 92, it is laid down as a rule that "on cross-examination a witness may be required to answer any questions which tend to discredit him or to impeach his moral character, even though not relevant

to the issue; but the judge may, in his discretion, exclude such inquiries." See, also, Van Bokkelen v. Berdell, 130 N. Y. 141, 29 N. E. 254. Specific acts, within the discretion of the court, may be inquired into, tending to impair the moral character of the witness; but accusations cannot. Such is the doctrine of People v. Crapo, 76 N. Y. 288, 32 Am. Rep. 302; Ryan v. People, 79 N. Y. 594; and Kober v. Miller, 38 Hun, 184. "The distinction," says the court in Smith v. Mulford, 42 Hun, 348, "seems to be logically sound. An arrest is only an accusation. Every one is presumed to be innocent till he is proved to be guilty." For the purpose of discrediting a witness who has given material testimony, the opposite side may, on cross-examination, show that the witness has been convicted of a crime, and of what crime, and the witness may be compelled to answer. Spiegel v. Hays, 118 N. Y. 660, 22 N. E. 1105. But "the courts have repeatedly held that it does not prove that a witness has been guilty of a crime, to prove that he has been arrested upon the charge of a crime, or that he has been indicted for a crime." Id., and cases cited; Burroughs v. Strauss, 48 App. Div. 584, 589, 62 N. Y. Supp. 1119; People v. Dorthy, 156 N. Y. 237, 50 N. E. 800; Van Bokkelen v. Berdell, supra; Hirschman v. Cohn, 38 App. Div. 351, 56 N. Y. Supp. 602. We are therefore of opinion that the question, in the form in which it was put to the witness, ought to have been excluded, and, if prejudice followed to the defendant, the judgment would have to be reversed. But the defendant's counsel proved by the witness not only that the charge was withdrawn by the party making it, but that such party acknowledged that he had no cause of complaint against the witness. We think this obviated all possible tendency to injure the defendant, and that the error was therefore harmless, and not one calling for a reversal of the judgment. Baylies, New Trials (2d Ed.) 341. The judgment and order must be affirmed, with costs.

Judgment and order affirmed, with costs. All concur.