MAHONEY v. O'NEILL.

(City Court of New York, General Term. October 3, 1901.)

1. FRAUDULENT REPRESENTATIONS—DEFENSES.
> The mere fact that a person induced to purchase stock in a corporation by the fraudulent representations of one of its officers is afterwards employed by him in behalf of the corporation cannot relieve such officer from liability.

2. SAME—MEASURE OF DAMAGES.
> The measure of damages for fraudulent representations inducing a purchase of corporate stock is the difference in value of the stock as the condition of the company issuing it really was at the time and as the purchaser was fraudulently induced to believe it was.

Appeal from trial term.

Action by William H. Mahoney against James O'Neill. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before McCARTHY, CONLAN, and SCHUCHMAN, JJ.

Kenneson, Crain, Emley & Rubino, for appellant.

Lamb, Osborne & Petty, for respondent.

McCARTHY, J. This case appears to have been tried three times, and this appeal is taken from the verdict on the last trial. The first trial resulted in a disagreement of the jury; the second in a verdict for the plaintiff, which was appealed to the general term of this court (28 Misc. Rep. 437, 59 N. Y. Supp. 378), and affirmed, but was on appeal to the appellate term reversed, as appears (29 Misc. Rep. 619, 61 N. Y. Supp. 69), for an alleged error in the charge of the trial judge; and this appeal now heard by us is from the third trial, which resulted in a verdict in favor of the plaintiff. The plaintiff was a salesman in the employ of a corporation known as the "Dry Goods Commission

Company," in the city of New York. The defendant was a stockholder in and manager of said corporation. It is claimed by the plaintiff that he was induced by the defendant to invest in the stock of such corporation through representations made to him by the defendant concerning its history, its profits, its payment of dividends, its outstanding stock, and its safety as an investment, which the plaintiff relied upon, and by reason of his reliance on said material statements, which were false and untrue, and known at the time to the defendant to be so, he (the plaintiff) says he suffered great loss or damage. It appears also that the plaintiff, relying, as we have said, upon these material statements, invested $2,500 in said corporation, and as a further inducement was employed therein as salesman for quite a period thereafter. The mere fact of his being employed by the defendant in behalf of this corporation (the defendant being then its vice president) did not relieve the defendant from the effect of any material representations which he made to the plaintiff, and which the plaintiff relied on, when at the time he made them he knew to be false and untrue. We think that there is sufficient evidence to sustain this contention.

The case, in our judgment, was fairly left to the jury, and the question of the measure of damages was correctly stated as laid down by the appellate term in this case. 29 Misc. Rep. 619, 61 N. Y. Supp. 69. Freedman, P. J., there says, quoting from Hubbell v. Meigs, 50 N. Y. 480: "The measure of damages in such case is the difference in value of the stock as the condition of the company issuing it really was and as the purchaser was fraudulently induced to believe it was." It is the value at the time the fraud was committed which measures the liability of the person who committed the fraud. Haight v. Hayt, 19 N. Y. 471.

The jury were to determine this from all the evidence in the case, and we will not disturb this now on any extraneous notions of our own. The plaintiff was away from the city of New York as a salesman for this corporation, and had no reason to know or suppose but what all the matters were as represented to him. It appears that at the time the defendant procured the subscription to stock herein, and received plaintiff's money for the same, he (the defendant) was drawing a salary of $1,000 per month. This, it appears, was afterwards materially reduced by reason of the objections and dissatisfaction expressed by the shareholders. The defendant objects particularly to the admission of Exhibits E and F, but, inasmuch as plaintiff did not pay this money until July, 1892, the certificate of stock was not delivered until January 24, 1893, by the defendant, as well as the letter, Exhibit D. We have examined these exhibits, as well as the letter marked "Exhibit D," which is an apology for the delay in sending the Exhibit C. We do not think that the admission of these exhibits materially alters the case. The fact remains, and was clearly stated to the jury, that the measure of damages is as above stated. Judgment is affirmed, with costs.

Judgment affirmed, with costs. All concur.