CASEY-SWASEY COMPANY ET AL. v. VIRGINIA STATE INSURANCE
COMPANY.

Decided June 16, 1903.

Witness—Impeachment—Indictment Pending.

Except on cross-examination, a witness can not be impeached by showing
that an indictment for perjury is pending against him; nor can he be impeached
by the party offering him as a witness.

Appeal from the District Court of Comanche.    Tried below before
Hon. John C. Randolph, Special Judge.

*Geo. E. Smith* and *Orrick & Terrell,* for appellants.

*G. H. Goodson,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—Appellee was permitted, against
the objections of appellant, to prove by witness Z. P. West that two in-
dictments for perjury were pending against him (West) in the Dis-
trict Court of Comanche County, Texas; and by witness J. T. Maroney
that he, too, had been indicted in the same court for the same offense.

That it is incompetent to thus impeach a witness, except on cross-
examination, is well settled.    Texas Brewing Co. v. Dickey, 43 S. W.
Rep., 577.    True, it has been held by this court and several others that
a witness may be thus discredited on cross-examination, but there are
numerous authorities, including some from our courts of civil appeals,
to the contrary.    See cases cited by us in Texas Brewing Company v.
Dickey, supra, and the following cited by appellant:   Hill v. Dons,
37 S. W. Rep., 638; Freedman v. Bonner, 40 S. W. Rep., 49; Kruger
v. Spachek, 22 Texas Civ. App., 307, 54 S. W. Rep., 295; Van Bokelin
v. Berdell, 130 N. Y., 141, 29 N. E. Rep., 254; 66 S. W. Rep. (Ark.),
432; 64 S. W. Rep. (Ky.), 954; Lewis v. Commonwealth, 42 S. W. Rep.
(Ky.), 1127; Millers v. Curtis, 158 Mass., 137.

The rulings in this instance are not brought within the exception
to the general rule, since the record refutes the idea that this testimony
was drawn out on cross-examination.    It was not until after West, who
was an important witness for appellant, had been examined in chief
and cross-examined, and not until after appellant had rested and ap-
pellee had offered him as a witness, as appears from the statement of
facts, that the fact of his having been indicted was proven.    Maroney
was not offered as a witness by appellant at all, though his testimony
in the main was favorable to appellant, agreeing substantially with that
of West, and the fact of his having been indicted appears to have been
drawn out on his direct examination by appellee.    The bills of excep-
tion, besides showing that the testimony was introduced on the trial
over objection, only show the questions, answers and objections, and do
not therefore of themselves show how it was introduced, but, read in

connection with the agreed statement of facts, leave no room for the inference that it was drawn out on cross-examination, particularly as to witness Maroney. The objections stated in the bills of exception were prima facie good, and the record as a whole, so far from bringing the case within the exception to the general rule, which exception at best rests upon conflicting authority, affirmatively excludes that view, at least as to Maroney.

Another well settled rule of evidence was violated in the admission of this testimony of Maroney,—that which forbids the impeachment of the character of a witness by the party offering him.

That the evidence objected to was prejudicial will not be disputed, and its admission necessitates a reversal of the judgment.

In view of a retrial, we venture to suggest that if in the pending indictments perjury was assigned upon statements made after this controversy arose, and about the matters out of which it arose, we very much doubt the admissibility of such testimony, even when drawn out on cross-examination. Reversed and remanded.

*Reversed and remanded.*