### HENDRICKS v. MECHANICS' BANK.

(Supreme Court, Appellate Term. May 5, 1904.)

1. WITNESS—CREDIBILITY—CROSS-EXAMINATION.
    To test credibility a witness may on cross-examination be asked whether he has ever been an inmate of an insane asylum.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Elmer Hendricks against the Mechanics' Bank. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and LEVENTRITT and GREENBAUM, JJ.

Bergen & Dykman (John J. Kuhn, of counsel), for appellant.
Hone & Brown (Lawrence E. Brown, of counsel), for respondent.

LEVENTRITT, J. On the previous trial the judgment in favor of the plaintiff was reversed as against the weight of evidence. On the retrial substantially the only new evidence introduced by the plaintiff was that of his assignor, who had not been a witness on the previous trial, and who was asked whether or not he had authorized the alteration of the check by the substitution of the name of the defendant for that of the Newark bank on which the check had been originally drawn. The assignor swore that he had not. But this is so inconsistent with his course of conduct that the force of this additional item of evidence is quite nullified. Nowhere does the plaintiff or any of his witnesses testify that the fact that his assignor had a bank account with the defendant was ever communicated to the payee, who was alleged to have made the alteration without authority. All that he testified to is that the payee was told there was money in a Brooklyn bank. On the plaintiff's own version, therefore, he fails to show how the

payee could have had any knowledge of the account with the defendant. The defendant supplies the omission by the testimony of the payee, who swears that on his refusal to accept a check on a Newark bank the plaintiff's assignor directed him to alter the check by substituting the defendant. The probability of this is brought close to certainty by the testimony that the assignor went to the defendant bank to stop payment of the check. How he came to go to the defendant when he claims that he had no knowledge that the check was drawn on it is unexplained. There is not a word in the record that he first went to the Newark bank to stop payment of the check, and there learned that it had not been presented. How he came to go to the defendant, when, according to the plaintiff's version, he had never communicated to the assignee the name of the defendant, is also unexplained. According to the plaintiff, it is impossible to understand whence the payee derived his knowledge to make the alleged alteration. The value of this additional item of evidence is further impaired by the refusal to allow the defendant to attack the credibility and capacity of the witness in a perfectly legitimate manner. The assignor had not testified on the first trial. On the second his testimony was limited to a bald denial of authority. On cross-examination he was asked, first, whether he had ever been judicially declared incompetent, and, secondly, whether he had ever been an inmate of an insane asylum. While there may be some doubt as to the propriety of the first question (Newcomb v. Griswold, 24 N. Y. 298; Spiegel v. Hays, 118 N. Y. 660, 22 N. E. 1105), that even on cross-examination the judicial record should have been produced, there can be none as to the second. It is proper on cross to ask a witness as to his place of residence, and, if it incidentally becomes known that the witness has been confined in jail or in a lunatic asylum, it is no ground of complaint. Jones, Ev. § 834. In any event, a person may have been an inmate of an insane asylum without having been judicially declared incompetent, and, if he has, the question excluded, if properly limited as to time and the issue involved in the case, may have a most significant bearing on the credibility of the witness whose testimony is offered. Where a plaintiff seeks, as part of his direct case, to prove the fact that his assignor was judicially declared incompetent, it is incumbent on him to prove it by the records as the best evidence; but where, on cross-examination to test credibility, it is sought to establish the fact merely that the witness was an inmate of an insane asylum, that may be proved out of the witness' own mouth. I am therefore of the opinion that the defect of proof has not been supplied, and that the slight value which should be placed upon the denial of authority may have been unduly exaggerated by the jury by reason of the improper restriction of the cross-examination.

As the judgment must be reversed, it is unnecessary to consider whether or not there was a ratification with full knowledge of the facts. It may be said in passing, however, that, in the absence of all denial, the defendant established its defense.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.